418 So.2d 562 (1982)
STATE of Louisiana
v.
Darryl WILLIAMS.
No. 80-KA-2662.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
*563 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Jeffrey Hollingsworth, Ralph
Roy and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Vincent Wilkins, Jrs., M. Michele Fournet, Asst. Public Defenders, Baton Rouge, for defendant-appellant.
MARCUS, Justice.
Darryl Williams and Robert Smith were charged in the same information with the armed robbery of Diana Phillips on August 23, 1979 in violation of La.R.S. 14:64 (count one). Williams was also charged in that information in a separate count with the armed robbery of the same victim, Diana Phillips, on August 13, 1979 (count two). After a joint trial by jury, Williams was found guilty as charged on both counts while Smith was found not guilty on the one count on which he was charged. Thereafter, Williams was sentenced to serve thirty-five years at hard labor without benefit of parole, probation or suspension of sentence on count one and fifteen years at hard labor without benefit of parole, probation or suspension of sentence on count two. The court expressly directed that the sentences be served consecutively.
Williams designated four errors to be urged on appeal. However, Assignments of Error Nos. 1, 3 and 4 were neither briefed nor argued; therefore, we consider them to have been abandoned.[1] In the sole remaining assigned error (Assignment of Error No. 2), defendant contends the trial judge erred in denying his motion for a severance of offenses. He argues that he was prejudiced by the joinder for trial of the two armed robberies.
The first robbery occurred on August 13, 1979. Diana Phillips was working alone at the Dairy Queen located at 3344 Highland Road in Baton Rouge. A black male came in between 8:30 and 8:45 p.m. and bought a coke. He then walked to the rear of the store, but soon returned to the counter and asked for change for the juke box. Ms. Phillips advised him that the machine would make change. He walked away but returned again and stated that he had lost his *564 money in the juke box. When Ms. Phillips opened the cash register to refund his money, the man pulled out a gun and ordered her to give him all the money. Too frightened to comply, she backed up and watched the man take approximately $200 from the cash register.
The second armed robbery occurred on August 23, 1979 (ten days later). At about 8:30 p.m., two black males entered the same Dairy Queen. Diana Phillips was working again that night. One of the men purchased a coke and then walked to the rear of the store. Before Ms. Phillips could close the cash register, the other man pulled out a gun. He then reached into the cash register and took about $200. Ms. Phillips recognized him as the same man who had robbed her ten days before. Meanwhile, the man who purchased the coke entered the store's office and took a bank deposit bag containing approximately $145. The men then left together.
Diana Phillips was the victim and only witness to these two crimes.[2] At a photographic lineup conducted on August 28, 1979, she identified Darryl Williams as the person who had robbed her twice. At a physical lineup conducted on September 14, 1979, Ms. Phillips again identified defendant.
Prior to trial, defendant moved for a severance of the two offenses. The trial judge denied the motion considering that defendant would not be prejudiced by the joinder of the two armed robberies of the same victim at the same place ten days apart.
Two or more offenses may be joined in the same information in a separate count for each offense under La.Code Crim.P. art. 493 if the offenses charged
are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
In the instant case, the offenses charged, two counts of armed robbery, are of the same or similar character. Moreover, since the punishment for each offense is necessarily confinement at hard labor, the mode of trial (jury composed of twelve jurors, ten of whom must concur to render a verdict) is the same. La.Code Crim.P. art. 782. Hence, the offenses were properly joined in the same information. La.Code Crim.P. art. 493.
When an accused has been charged in the same information with two or more offenses pursuant to art. 493, he may apply for severance of offenses under La.Code Crim.P. art. 495.1, which provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
Such a motion is addressed to the sound discretion of the trial court and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Washington, 386 So.2d 1368 (La. 1980). Considerations for the trial court in determining whether prejudice may result from joinder include, according to Washington,
whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
In State v. Carter, 352 So.2d 607 (La.1977), we held that art. 495.1, as it read at that time,[3] normally required severance *565 when the offenses were joined solely because they were of the "same or similar" character unless evidence of each offense would have been respectively admissible at the separate trial of the other. In Washington, we held that Carter still remained viable as a criterion for judging when there is a strong possibility of prejudice, even though art. 495.1 had been amended. However, under the new article, a severance need not be granted if the prejudice could be effectively avoided by other safeguards. Thus, a severance is not mandated simply because the offenses would not be admissible at separate trials if the defendant is not "prejudiced" by the joinder. We have held that there is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively simple and distinct, even though such evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. State v. Washington, supra; State v. Robinson, 404 So.2d 907 (La.1981).
In Washington, the defendant was charged with four counts of attempted aggravated rape. After trial by jury, he was found guilty on all counts. We held that, although the evidence of each crime was simple, the trial court's instruction offered little guidance to the jury in order to prevent it from cumulating the evidence. Thus, we reversed defendant's convictions. In Robinson, the defendant was charged with two counts of armed robbery of different victims at the same store on separate occasions. After trial by jury, he was found guilty on both counts. We held that the defendant was not prejudiced by a single trial of the two offenses because the jury was instructed that defendant was charged with separate offenses requiring separate verdicts as to each offense and that in deliberating it should consider "defendant's guilt or innocence as to each individual count independently and separately of all other counts of the indictment."
In the instant case, the two armed robberies, although of the same victim at the same location some ten days apart and although identity was a genuine issue at trial, the offenses were not so unique as to qualify as "signature crimes." Thus, the offenses would most probably not have been admissible under the Prieur rationale.[4] Therefore, it is necessary to determine whether the jury knew that defendant was charged with separate offenses requiring separate verdicts as to each offense and that the evidence of one offense could not be considered as evidence of the other offense. The jury was properly instructed that defendant was charged with two separate armed robberies and was furnished a verdict form setting forth the two counts of armed robbery with their respective dates and requiring the rendition of separate verdicts as to each offense. A separate verdict form was furnished as to Robert Smith. Admittedly, the trial judge did not instruct the jury that the evidence of one crime could not be used in determining defendant's guilt of the other; however, under the circumstances of this case, defendant was not prejudiced by the absence of such an instruction. The evidence presented as to defendant's guilt of the two offenses was extremely simple and consisted of only the out-of-court identification of defendant by Diana Phillips made after both robberies had occurred. Consequently, there was no evidence for the jury to improperly cumulate. *566 Hence, no jury instruction to that effect was needed in this case. Moreover, the acquittal of Robert Smith, who was charged along with defendant for the August 23 armed robbery (but not the August 13 robbery), indicates that the jury was capable of considering multiple offenses without inferring a criminal disposition or becoming hostile.
We are convinced that defendant was not prejudiced by the joinder of these offenses for trial. Accordingly, the trial judge did not abuse his discretion in denying defendant's motion for severance.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
LEMMON, J., concurs and assigns reasons.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
LEMMON, Justice, concurring.
The evidence of defendant's August 13 robbery of Diana Phillips would have been admissible at a separate trial of his August 23 robbery of the same victim, because that evidence had extremely great probative value on a material issue in dispute, namely the reliability of Diana Phillips' identification of the August 23 robber. Because the evidence that defendant committed the earlier robbery shows more than that defendant was a "bad man", the probative value of this independently relevant evidence outweighs its undeniable prejudicial effect, and the evidence was admissible. State v. Humphrey, 412 So.2d 507 (La.1982).
Therefore, the trial court properly denied the motion to sever.
CALOGERO, Justice, dissenting.
I agree with the majority determination that the two offenses were properly joined in the same bill of information. I disagree, however, with the majority's conclusion that defendant was not prejudiced by the joint trial of these offenses, especially when, as the majority notes, the evidence of one robbery would "most probably not have been admissible under the Prieur rationale" in the separate trial of the other.
There is likely to be inherent prejudice to a defendant when the jury hears evidence of more than one offense because the jurors may view defendant as one predisposed toward criminal behavior. Additionally, they may be tempted to find guilt on one or another, or all of the charges, based upon the multiplicity of charges and evidence in a situation in which, when considered separately, the evidence supportive of each individual charge may fall short of being beyond a reasonable doubt. Therefore, our law provides a procedural vehicle for a defendant to move that the offenses, although properly joined, be severed for trial. The 1975 legislature, which enacted La.C.Cr.P. art. 493 concerning joinder, also enacted article 495.1 regarding severance, a statute which has since been amended but read in 1975:
The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense ...
In State v. Carter, 352 So.2d 607 (La. 1977), we held that article 495.1, as it read at that time (see above), normally required severance when offenses were joined solely because they were of the "same or similar" character unless evidence of each offense would have been respectively admissible at *567 the separate trial of the other. We discussed how our enactment differed from both the federal rule on severance of jointly charged offenses and the American Bar Association Standards for severance. The federal rule allowed the trial judge discretion in fashioning relief if he determined that a defendant would be prejudiced by being tried for multiple offenses in a single trial.[1] Conversely, the ABA Standards offered a defendant an absolute right to severance when the offenses were joined solely on the basis of being of the same or similar character.[2] Our severance provision fell somewhere between the two, mandating that the judge grant a severance, but only after defendant demonstrates that he will be prejudiced by the joint trial. However, in our view, as expressed in Carter, defendant could demonstrate prejudice by showing that the joined offenses were not legitimate "other crimes" under La.R.S. 15:446 and therefore evidence would not be respectively admissible in separate trials.[3]
After our decision in Carter, the Legislature amended La.C.Cr.P. art. 495.1 to read:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
This new version more nearly tracks the language of the federal provision concerning severance.
In State v. Washington, 386 So.2d 1368 (La.1980), we considered the effect of the above amendment on our holding in Carter. Regarding the legislation as an obvious attempt to adopt the federal rule as to severance, we turned to the federal jurisprudence for guidance. We observed that in the federal system:
the defendant has a heavy burden of proof when he alleges prejudicial joinder. United States v. Allstate Mortgage Corporation, 507 F.2d 492 (7th Cir. 1974). A motion for relief from a prejudicial joinder is addressed to the sound discretion of the trial court and the court's ruling should not be disturbed on appeal absent a showing of an abuse of that discretion. United States v. Olson, 504 F.2d 1222 (9th Cir. 1974); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979). Thus, in order for an appellate court to reverse the trial court's ruling, there must be a showing of clear prejudice. United States v. Bowman, 602 F.2d 160 (8th Cir. 1979). 386 So.2d at 1371.
*568 Considerations for the trial court in determining whether prejudice may result from joinder include, according to Washington:
whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. See Drew v. United States, 331 F.2d 85 (D.C.Cir.1964); United States v. Weber, 437 F.2d 327 (3rd Cir. 1970). 386 So.2d at 1371.
We noted that in general federal courts have fashioned a rule whereby crimes which are not admissible in separate trials ordinarily should not be tried together. The reason for this practice is well stated in Drew v. United States, 331 F.2d 85 at 89, 90 (D.C.Cir. 1964):
It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable. (footnotes omitted)
Nevertheless, federal courts have found that not all such situations require severance. "Where the parties and the judge through an orderly presentation of the evidence and careful and precise instructions, limit the possible prejudice brought about by joinder, severance may not be mandatory." Washington, supra. at 1372.
In Washington, we concluded that Carter remained viable as a criterion for judging when there is a strong possibility of prejudice. However, in our opinion, the new article allowed the trial court more flexibility in fashioning relief from possible prejudice. Consequently, we held that under the new article, a severance need not be granted if the prejudice could effectively be avoided by other safeguards.
Despite the holding that severance was no longer mandatory, we reversed Washington's convictions because we found that the trial court did abuse its discretion in denying the motion for severance. We observed the dissimilarity in the methods of committing the four charged offenses and found that evidence of any one crime would not have been admissible in the separate trial of another. Furthermore, we noted that although the evidence of each crime was simple and distinct, the trial judge's instruction offered little guidance to the jury in order to prevent the members from cumulating the evidence. The trial judge gave an instruction which did little more than advise the jury that they were to bring in separate verdicts on each count:
This defendant is charged with four counts of Attempted Aggravated Rape. You may render any combination of verdicts you find appropriate from the law and evidence. You are not obligated to find the defendant guilty on all counts or not guilty on all counts. You may find the defendant guilty on all counts or not guilty on all counts, or you may find any possible combinations of guilty verdicts to each count, or you may find the defendant not guilty on one count and return one of the possible guilty verdicts on the other counts.
More simply stated, you should return the verdict as to each count you feel the facts and the law dictate. However, you are to reach one separate verdict as to each of the four counts. 386 So.2d at 1373, n.4
In affirming convictions in State v. Robinson, 404 So.2d 907 (La.1981), we again stressed the importance of the trial judge's instruction in a case in which evidence of the joined offenses would not have been *569 respectively admissible in separate trials. In Robinson, however, unlike Washington, the trial judge had clearly admonished the jury to consider guilt or innocence as to each individual count independently and separately:
The defendant at bar is charged under a two count indictment. Each count charges the defendant with a separate and distinct offense under the laws of Louisiana. In deliberating, you, the jury should consider the defendant's guilt or innocence as to each individual count independently and separately of all other counts of the indictment. Thus, it would be possible to render a verdict of guilt as to one count while returning a verdict of innocence as to the other count. It would also be possible to return a verdict of guilt as to both or a verdict of innocence as to both counts if you so find. 404 So.2d at 910, 911.
In the case at bar, I agree with the majority determination that evidence of one crime would not have been admissible in a separate trial of the other. The two armed robberies were not committed in a similar manner. A single perpetrator was involved in the first offense; while the second robbery was done by two men. According to the victim, different guns were used in the two robberies. Furthermore, the fact that the same store was the scene of both robberies does not make evidence of either one respectively admissible in a separate trial of the other. Ms. Phillips testified that the Dairy Queen store had been robbed a third time only a few days after the second robbery, but that the perpetrator of this third robbery was white. In this respect, the case before us is similar to Drew, supra, which reversed convictions for an armed robbery and an attempted armed robbery of neighborhood dairy stores. The court observed that stores of that variety are particularly vulnerable to this kind of crime because they are usually staffed with only one or two female clerks. In the court's view, this rendered less significant the fact that the crimes both occurred when there were no customers in the store and at about the same time of day. The court said: "These circumstances all fit into an obvious tactical pattern which would suggest itself to almost anyone disposed to commit a depredation of this sort." 331 F.2d at 93.
In the case before us although the crimes are not legitimate "other crimes," the trial judge may not have abused his discretion in denying defendant's motion for severance, if he were to have fashioned other effective means to avoid prejudice. At the very least, the trial judge must, as was stated in Washington and Robinson, clearly instruct the jury to consider defendant's guilt or innocence for each charged offense separately. The jury must be cautioned not to cumulate the evidence against the defendant.
In my opinion the trial judge in the instant case did not give a sufficient jury instruction to protect defendant's presumption of innocence on each charge. The judge merely informed the jurors that they must return two verdicts. There was no admonition not to cumulate the evidence of the two robberies.[4] This instruction falls even shorter than the one in Washington which we found to be inadequate, and far short of Robinson which we found an adequate safeguard. Not only was the jury not given sufficient cautionary instructions against cumulating the evidence against the defendant, but the jury was provided with a single verdict sheet on which to record both verdicts. Without a limiting instruction to the jury informing the jurors to consider the evidence of each charged offense separately and return a verdict on each charge without regard to the evidence of the other charge, and absent the fashioning of other effective relief to offset the obvious prejudice to defendant of being tried in a single trial for offenses, evidence of which would not have been admissible in separate trials, I believe that the trial judge was required to have severed the charges for trial.
As the court in Drew, supra, summarized:

*570 If separate crimes are to be tried together... both court and counsel must recognize that they are assuming a difficult task the performance of which calls for a [vigilance] far beyond that required in the ordinary trial. 331 F.2d at 94.
Although we are reviewing the ruling on a motion (to sever) which was made before trial, we do so with benefit of the entire proceedings, including those which followed the ruling. Appellate review of the ruling, under these circumstances, allows us to consider the ruling in light of the care the trial judge took to minimize prejudice to the defendant. Accordingly, considering the inherent prejudice in a joint trial for multiple offenses, the ruling denying separate trials for the two charges, coupled with the failure of the trial judge to fashion protective measures (not even the minimal protection of a jury charge similar to that in Robinson), constituted reversible error in my opinion.
I respectfully dissent.
NOTES
[1] State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] A second clerk was working during the August 23rd robbery but was in the restroom while the robbery was in progress. She did not see the two men.
[3] La.Code Crim.P. art. 495.1 provided prior to its amendment by Acts 1978, No. 466, § 1:

The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.
[4] State v. Prieur, 277 So.2d 126 (La.1973).
[1] The federal severance provision is Rule 14 of the Federal Rules of Criminal Procedure which reads:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.
[2] American Bar Association Standard 2.2 provides in full that:

(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), should grant a severance of offenses whenever: (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or (ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.
American Bar Association Project on Minimum Standards for Criminal Justice relating to Joinder and Severance, Approved Draft, 1968.
[3] La.R.S. 15:446 provides:

When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.
[4] The jury may well cumulate evidence of the two offenses even when the evidence consists of no more than identification of defendant.