458 So.2d 445 (1984)
STATE of Louisiana
v.
Frank HORTON.
No. 84-KK-0207.
Supreme Court of Louisiana.
September 20, 1984.
Rehearing Denied November 15, 1984.[*]
Paul Weidenfeld, George Hesni, New Orleans, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William Campbell, Dolores V. Mason Smith, Asst. Dist. Attys., for respondent.
DIXON, Chief Justice.
Defendant, Frank Horton, was charged in a single bill of information with three counts of armed robbery in violation of R.S. 14:64. The charges stem from three separate incidents.
The defendant is charged with robbing the same Church's Fried Chicken retail outlet located at 3501 Washington Avenue in New Orleans on two occasions, once on *446 September 26, 1981 and again on October 13, 1981. The defendant's third charge is for robbery of two patrons at a gas station near the fried chicken outlet, and included the theft of an automobile. This robbery was carried out by two persons on October 15, 1981. A witness to this third incident was a victim in the first and has positively identified the defendant as a perpetrator in the first and third robberies. In all three robberies, the perpetrator used a blue steel handgun.
The defendant pleaded not guilty to all three charges. In March, 1983 the defendant changed his plea from not guilty to not guilty and not guilty by reason of insanity. On January 20, 1984 the defendant filed a motion to sever the offenses for trial pursuant to C.Cr.P. 495.1.[1] The trial court denied his motion on January 27, 1984; the court of appeal denied his application for writs. This court stayed all proceedings pending consideration of the writ application, 444 So.2d 1212, then granted the writ to review the trial court's denial of the motion to sever. 444 So.2d 1249.
Joinder of these three offenses in a single bill of information was proper under C.Cr.P. 493:
"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
The offenses charged, all armed robberies, are of a similar character and are triable by the same mode of trial, a jury composed of twelve jurors, ten of whom must concur to render a verdict. C.Cr.P. 782.
Proper joinder in the bill of information, however, does not complete the inquiry. State v. Nelson, 357 So.2d 1100 (La.1978). A defendant properly charged with multiple counts in a single indictment may request a severance of the offenses for trial. Under C.Cr.P. 495.1, the trial court may order separate trials, or grant other relief, whenever it appears that the defendant or the state is prejudiced by the joinder for trial.
Defendant argues that the joint trial of these offenses creates an impermissible, prejudicial effect, allowing the jury to cumulate evidence against the defendant, and to cumulate its hostility toward both the crime of armed robbery and the defense of insanity. He contends that the jury will be confused by the three sets of facts because there is some overlap of the people and places involved.
The defendant plans to present both a factual defense, and the defense of insanity for each charge, and will stress one or the other of his defenses depending on the facts giving rise to the charge. He argues that no jury instruction can cure the prejudice he will suffer if he must defend all three charges in one trial.
The state contends that the charges are properly joined for trial because the facts are not of a complex nature. The three crimes charged were committed on three different dates and involved a variety of victims, but the facts of each crime are simple and straightforward. The case could only be complicated by poor lawyering and forgetful witnesses.
The joint trial of offenses creates some inherent prejudice against the defendant.
"... the jury may become confused in trying to apply the applicable law and evidence to the correct offense; that the jury may consider that a person charged with doing so many things is a bad man who must have done something, a feeling that might lead to a cumulation of the *447 evidence; that the judge might find it difficult to adequately charge a jury as to the law with respect to each offense; that the prosecutor may find it troublesome to present his evidence in a compartmentalized and understandable manner; and that a defendant may be confounded or embarrassed in his defense because of the sheer number or complexity of the charges against him...." State v. Proctor, 354 So.2d 488, 491 (La. 1977).
In State v. Washington, 386 So.2d 1368 (La.1980), it was held that C.Cr.P. 495.1 permits a trial judge who finds prejudice in the joinder of offenses for trial either to order separate trials, or to provide whatever other relief is required. We stated there that "a severance need not be granted if the prejudice can effectively be avoided by other safeguards." 386 So.2d at 1372.
In State v. Robinson, 404 So.2d 907 (La. 1981), this court permitted the joint trial of two charges of armed robbery where the two robberies occurred at the same drug store fifteen days apart and both were witnessed by the same cashier. The nature of the offenses was relatively uncomplicated, and the instructions given by the trial judge were clear.
Were separate trials held in that case, evidence related to one charge would not have been admissible in the trial of the other charge; nevertheless, we concluded that "there is no prejudicial effect from joinder of ... offenses when the evidence of each offense is relatively simple and distinct ... because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations." State v. Robinson, supra, at 910.
In many instances the trial judge can mitigate any prejudice resulting from joinder of offenses by providing clear instructions to the jury. The state can further curtail any prejudice with an orderly presentation of evidence. State v. Celestine, 452 So.2d 676 (La.1984). The facts of these charges are not so complex as to prevent the state from presenting its evidence in an orderly manner not confusing to the jury.
The state asserts that, if separate trials were held, evidence of each of the charges would be relevant and admissible in the trial of each of the other charges to establish the defendant's identity.
State v. Moore, 278 So.2d 781 (La. 1973) on rehearing, provides a test for admissibility of "other crimes" evidence. (1) Is it relevant to an issue of the case? (2) If relevant, is it too prejudicial? 278 So.2d at 788.
Willie Clay, a victim in both the September 26 and the October 15 robberies, knew the defendant's first name and was able to point out to police officers where the defendant lived. Clay later identified the defendant's photograph in a photographic array of eleven persons who lived on the same block as the defendant. This personal knowledge of the defendant by this victim is highly probative, and not unfairly so.
The victims of the October 13 robbery likewise identified the defendant in a photo lineup or in a physical lineup.
In State v. Ester, 436 So.2d 543 (La. 1983), we examined the state's use of other crime evidence to prove the defendant's identity. The defendant had been charged with the sale of Preludin to an undercover agent. He gave the state notice of his intention to use an alibi defense. The state sought to rebut his alibi with evidence that the defendant had sold Preludin to this undercover agent on another occasion.
The sales involved the same parties, the same illegal substance and occurred at the same location within a week's time. They were not signature crimes because drug sales are endemic to that location and are not necessarily the work of a single individual. The court permitted the use of the other crime evidence to prove identity.
We found there that the
"... evidence of that other crime would have been so relevant to the critical issue of his identity as the perpetrator of this crime that the probative value of the *448 other crime would outweigh its prejudicial effect...." State v. Ester, supra, at 546.
See State v. Banks, 307 So.2d 594 (La. 1975).
The three armed robberies with which the defendant before us is charged are not signature crimes, but they are similar offenses committed within a three week period within a few feet of each other. The identification of the defendant in each case is highly relevant in the other cases, and is said by the defendant to be a real issue in the case. Willie Clay knew defendant, saw him commit not one, but two robberies, and identified his picture. Each identification reinforced the other and reduced the chance of error.
This is what is meant when the court says "the prejudicial effect of the evidence of other crimes is overcome by its probative value." It may be more accurate to say that the probative value of the other crimes evidence is so great that society is vindicated (justice is served) for lumping the three offenses together, and depriving the defendant of his right to a trial for one offense only.
The decisions of the lower courts are affirmed, and the case is remanded for further proceedings in accordance with this opinion.
NOTES
[*] Calogero and Dennis, JJ., would grant a rehearing.
[1] "If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." C.Cr.P. 495.1.