478 So.2d 685 (1985)
STATE of Louisiana, Respondent,
v.
Ira Joe MIMS, Applicant.
No. 17,543-KW.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
*686 Indigent Defender Office by James H. Carter, Jr., Shreveport, for applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Howard M. Fish, Asst. Dist. Atty., Shreveport, for respondent.
Before HALL, SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
The defendant, Ira Joe Mims, is charged in a single bill of information with two counts of purse snatching in violation of LSA-R.S. 14:65.1, two counts of second degree battery in violation of LSA-R.S. 14:34.1, and one count of theft of property valued in excess of $100.00 but less than $500.00 in violation of LSA-R.S. 14:67. The trial court denied defendant's motion to sever the offenses for trial. We granted defendant's application for supervisory review to determine whether the trial court erred in denying the defendant's motion. Finding that partial severance is required, we reverse the judgment of the trial court, sustain defendant's motion to sever, and remand for further proceedings.
The preliminary examination reveals the following facts concerning the offenses for which the defendant is charged.
In count one the defendant is charged with purse snatching. On November 10, 1984, Vina Thomas, age 73, and her husband had gone to a shopping center located on Kings Highway in Shreveport. Mrs. Thomas had parked her car in front of an Otasco Store and had gone into the TG&Y next door to make a purchase. As Mrs. Thomas was returning to her car a man identified by the victim as the defendant asked her for the time. Mrs. Thomas told the defendant she did not have a watch and continued to walk toward her car. As Mrs. Thomas was attempting to enter her car the defendant came towards her, again asked her what time it was, and then grabbed her purse, injuring her arm. The defendant then fled to a van parked nearby and drove away.
In count two, the defendant is charged with middle grade theft. At approximately 11:00 a.m. on January 3, 1985, Ressie Lavender, age 76, was in her kitchen cooking on Wallace Street in Shreveport when her *687 husband called from the living room for her to come to the door. When she came to the door, a man identified by the victim as the defendant described himself as working for the "Social Security Board" and asked Mrs. Lavender and her husband if they had social security cards and if he could see them. Mrs. Lavender retrieved her purse from her bedroom and brought it back to the living room and set it down beside her husband. Mrs. Lavender gave the defendant her social security card and then rushed back to her kitchen to check on some "greens" that she was cooking. When she returned to the living room, both the defendant and her purse were gone.
In count three, the defendant was charged with second degree battery. At approximately 12:00 p.m. on January 3, 1985, a man identified by the victim as the defendant knocked on the door of the home of Beatrice Moore, age 62, on Fairfield Avenue in Shreveport. The defendant identified himself as a "social security worker" and stated that he needed her son's social security number. Mrs. Moore let the defendant inside the house and told the defendant that she did not have her son's social security number but that she knew hers by memory. The defendant then hit Mrs. Moore in the face, causing a cut above her eye requiring seven stitches. After the defendant struck Mrs. Moore, Mrs. Moore hollered for help and her neighbor's grandson came and took her out of the house. After the police were called and arrived, Mrs. Moore reentered the house and discovered that her purse was missing off of the bed.
In counts four and five the defendant is charged with both purse snatching and second degree battery. At approximately 6:20 p.m. on January 12, 1985, Lillie Marie Haywood, age 70, was removing groceries from her car in the front of her home on Looney Street in Shreveport when a man identified by the victim as the defendant walked up to her and told her that he had come to see her husband. Ms. Haywood responded that her husband would be home in a few minutes and then honked the horn on her car to get a neighbor's daughter to come out and help her unload the groceries. The girl came out of the house and saw Ms. Haywood and the defendant and then returned inside the house to get a coat. After the girl reentered the house, the defendant struck Ms. Haywood in the face, causing her to fall back against the car. The defendant then pulled Ms. Haywood's purse from under her arm and fled. Ms. Haywood was hospitalized for approximately 2 weeks for injuries inflicted by the defendant.
In denying defendant's motion for severance, the trial court found that the offenses were triable by the same mode of trial, identity was not an issue, and that these offenses were "signature crimes."
The defendant contends that the trial court erred in denying defendant's motion to sever offenses for trial because: (1) the jury would be confused by the several counts of offenses and by the different types of offenses charged; (2) the jury would be unable to segregate the various charges and evidence; (3) the defense would be confounded in presenting various defenses; (4) the jury would use evidence of each count to infer criminal disposition or "bad character" as to other counts; and (5) some counts charge physical attacks upon the elderly and others charge theft from the elderly which would make the jury hostile towards the defendant. Defendant asserts that identity is an issue and that the effect of trying these five separate counts together would be to erode defendant's constitutional presumption of innocence and the right to a fair trial on each count by causing doubtful jurors to feel certain that the defendant must be guilty of something.
The state contends that evidence of the various offenses would be admissible at separate trials of each offense so that a severance would not be of benefit to the defendant. In the alternative, the state contends that even if evidence of each count would not be admissible in separate trials joinder is not prevented where the evidence of each count is relatively simple *688 and distinct and the court can eliminate the prejudicial effect with clear instructions to the jury to keep evidence of each offense separate in its deliberation.
LSA-C.Cr.P. Art. 493 provides as follows:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
When a defendant has been charged in the same bill of information or indictment with two or more offenses pursuant to Article 493, he may move for a severance of the offenses under LSA-C.Cr.P. Art. 495.1, which provides as follows:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
As the Louisiana Supreme Court held in State v. Celestine, 452 So.2d 676 (La.1984):
Such a motion is addressed to the sound discretion of the trial court and the court's ruling should not be disturbed on appeal absent a showing of abuse of discretion. State v. Williams, 418 So.2d 562 (La.1982). According to State v. Washington, 386 So.2d 1368 (La.1980), considerations for the trial court in determining whether prejudice may result from joinder include:
whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
In the present case, each offense for which the defendant is charged is triable by a jury composed of six persons. LSA-C.Cr.P. Art. 782. Since each count is based upon the same or similar acts or offenses of the defendant and each is triable by the same mode of trial, joinder of the offenses is allowed by LSA-C.Cr.P. Art. 493. We must then determine whether the defendant is prejudiced by the joinder in light of the considerations set forth by the Supreme Court in State v. Celestine, supra, so as to require severance under LSA-C.Cr.P. Art. 495.1.
The first consideration is whether the jury would be confused by the various counts and whether the jury would be able to segregate the various charges and evidence. The defendant is charged with the commission of three different kinds of offenses committed against four different victims. Should all counts be tried in one trial, the jury would be required to sort out evidence relating to different offenses and different victims. Although each offense charged is relatively simple, in view of the number of offenses and victims it is quite likely that a jury could become confused and not be able to segregate the various charges and evidence. It should be noted that in the cases cited by the parties in which the Supreme Court has affirmed the denial of a motion to sever, each defendant was charged with multiple counts of only one crime. Therefore, the juries in the previous cases were not required to sort out various crimes arising out of several episodes. See State v. Horton, 458 So.2d 445 (La.1984); State v. Celestine, supra; State v. Williams, 418 So.2d 562 (La.1982); State v. Robinson, 404 So.2d 907 (La.1981).
The second consideration is whether the defendant could be confounded in presenting his various defenses. The defendant has not indicated the existence of any contradictory defenses.
*689 The third consideration is whether the crimes charged would be used by the jury to infer a criminal disposition and whether, considering the nature of the charges, the charging of several crimes would make the jury hostile. The state contends and the trial court found that these offenses were signature crimes so that evidence of each crime would be admissible in a separate trial of each offense. To qualify as "signature crimes" the offenses must be so strikingly similar that they reflect a common scheme or modus operandi common to one another but unique as compared to other violations of the same crime. With the exception of counts two and three where the defendant posed as a social security worker on the same day, the offenses charged are not "signature crimes." The only similarity in the crimes is the fact that the defendant snatched purses from older women. These purse snatchings do not reflect a unique modus operandi which makes them distinctive from other purse snatchings. Therefore, with the exception of counts two and three, evidence of one offense would not be admissible as evidence of the other offense. As a result, joinder of the offenses creates an inherent prejudice in that the jury may infer criminal predisposition or that the defendant is "a bad man" resulting in a finding of guilty not on the evidence but on the cumulation of charges and evidence.
In State v. Celestine, supra, the court held that severance is not mandated simply because evidence of separate offenses would not be admissible at separate trials, if the defendant is not "prejudiced" by the joinder. Severance need not be granted if the prejudice can be effectively avoided by other safeguards. There is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively separate and distinct, even though such evidence might not have been admissible in separate trials of the offenses, because with a proper charge the jury can easily keep the evidence of each offense separate in its deliberations. In State v. Horton, supra, while stating that the joint trial of offenses creates some inherent prejudice against the defendant, the court pointed out that the trial court can mitigate any prejudice resulting from joinder by providing clear instructions to the jury. The state can further curtail any prejudice with an orderly presentation of evidence. Further, the court found that severance may not be required if the facts surrounding the charges are not so complex so as to prevent the state from presenting its evidence in an orderly manner, not confusing to the jury.
In view of the multiple counts involving multiple offenses and multiple victims and the lack of relation of some counts to other counts, we find that the possibility of confusion and the inherent prejudicial effect cannot be sufficiently curtailed by other safeguards, and that justice requires a partial severance of the offenses. Count one of the bill of information is a purse snatching which occurred in front of an Otasco Store on Kings Highway in November of 1984. This offense was committed approximately two months prior to the other offenses and does not reflect a common scheme with the other offenses. Therefore, count one of the bill of information is severed for a separate trial.
In counts two and three of the bill of information, the defendant posed as a social security worker in a common scheme to obtain the purses of the two victims. Although the defendant is charged with theft in count two and second degree battery in count three, clear instructions to the jury and an orderly presentation of the evidence by the state on these two counts should eliminate any problems arising out of the different crimes charged. Counts two and three may be tried in one trial but are severed from counts one, four, and five.
Counts four and five of the bill of information reflect the commission of two crimes against one victim when the defendant snatched the purse from Lillie Haywood in the front yard of her home. The defendant would not be prejudiced by the joinder of these two offenses in one trial.
*690 In sum, count one is severed from the other counts for one trial, counts two and three are severed from the other counts but remain joined for one trial, counts four and five are severed from the other counts but remain joined for one trial.

DECREE
The judgment of the trial court is reversed. Defendant's motion to sever is partially sustained as set forth above, and the case is remanded for further proceedings.
REVERSED IN PART, MOTION SUSTAINED IN PART, AND REMANDED.