487 So.2d 602 (1986)
STATE of Louisiana
v.
Frank HORTON.
No. KA-4230.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*603 Paul S. Weidenfeld, Fine, Waltzer & Bagneris and, George Hesni, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for appellee.
Before KLEES, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Frank Horton, was charged in a single bill of information with three (3) counts of armed robbery in violation of LSA R.S. 14:64.[1] The robberies occurred on September 26, 1981, October 13, 1981 and October 15, 1981. A witness to the third robbery was a victim of the first robbery.
Defendant was arraigned on November 11, 1981 and pled not guilty. On March 3, 1983, defendant changed his not guilty plea to not guilty and not guilty by reason of insanity. On January 20, 1984, defendant *604 filed a Motion to Sever the offenses for trial pursuant to C.Cr.P. Art. 495.1. The trial court denied this motion on January 27, 1984. This Court denied defendants application for writs in State v. Horton, K-1824 (1984). The Supreme Court stayed all proceedings, State v. Horton, 444 So.2d 1212 (La.1984); granted writs to review the trial court's denial of the Motion to Sever, State v. Horton, 444 So.2d 1249 (La.1984), and affirmed the trial court with written opinion, State v. Horton, 458 So.2d 445 (La.1984).
Trial was held on January 7 and 8, 1985. Defendant was found guilty as charged on all three counts by a twelve member jury. The State filed a multiple bill charging defendant with being a second offender pursuant to LSA R.S. 15:529.1. On April 3, 1985, the hearing on the multiple bill was held. Defendant was found guilty of being a second offender and sentenced to thirtythree (33) years at hard labor without benefit of parole, probation or suspension of sentence.
FACTS:
Defendant was convicted of robbing, at gun point, employees of Church's Fried Chicken, located at 3501 Washington Avenue in New Orleans on two occasions, September 26, 1981 and October 13, 1981. Defendant was also convicted of the October 15, 1981 armed robbery of two patrons at a gas station located near the Church's Fried Chicken outlet. A witness to the third robbery was also a victim of the first robbery. All witnesses positively identified defendant as the person who robbed them.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1) It was error for the trial court to fail to give the special charges requested by the defense relating to the consequences of a verdict by the jury of not guilty by reason of insanity;
2) It was error to permit joinder of the offenses for trial;
3) It was error for the trial court to find defendant to be a multiple offender under LSA R.S. 15:529.1 where it admitted into evidence uncertified and unauthenticated documents and where the state failed to meet its burden of proof.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the trial court erred when it refused to give the special jury charges requested in regard to the consequences of a verdict of not guilty by reason of insanity. Defendant's special instructions were a verbatim recitation of C.Cr.P. Arts. 654-658. The trial court's general charge to the jury as to the verdict of not guilty by reason of insanity was as follows:
"If a defendant is found not guilty by reason of insanity in a case of this nature, the court shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof to determine whether the defendant can be discharged or can be released on probation without danger to others or to himself. If the court determines that the defendant can be discharged or can be released on probation without danger to others or to himself, it shall either order his discharge or order his release on probation, subject to specified conditions for a fixed or indeterminate period. If the court determines that the defendant cannot be released without danger to others or to himself, the court shall order him committed to a proper state mental institution or to a private mental institution approved by the court for the custody, care and treatment. If committed, the defendant shall not be released until the court determines that he can be released without danger to himself or others."
In State v. Babin, 319 So.2d 367 (La. 1975), the Louisiana Supreme Court first recognized the right of a defendant to have the jury apprised of the legal consequences of a finding of not guilty by reason of insanity. In State v. Babin, the defendant argued that under C.Cr.P. Art. 807, the *605 accused had the right to request special charges[2] and that these special charges should be given by the trial court as long as they did "not require qualification, limitation, or explanation, and if [they were] wholly correct and pertinent." Babin, supra. In addition, the court found that the trial court "shall charge the jury with respect to the law relating to insanity, including the explicit provisions of C.Cr.P. Arts. 654, 655 and 657 which pertain to the consequences of a finding of not guilty by reason of insanitythe procedural aftermath of such finding." State v. Babin, supra. However, the Supreme Court in State v. Babin, did not mandate that the trial court must give a vertabim reading of C.Cr.P. Arts. 654-658. In fact, the Court states quite clearly:
"We prefer not to prescribe any particular form that such instructions must take. However, when the trial judge has not included in the general charge an instruction explaining or quoting the law applicable to a verdict of not guilty by reason of insanity, then upon defendant's request he must read defendant's wholly applicable, wholly correct suggested charge to the jury. Art. 807 C.C.P." State v. Babin, supra at p. 381.
In two cases similar to the instant case the defendants requested verbatim readings of the applicable Code of Criminal Procedure Articles on insanity. In State v. Bennett, 345 So.2d 1129 (La.1977) the Supreme Court held that the trial judge's general charge adequately explained the legal consequences of a verdict of not guilty by reason of insanity. In State v. Watkins, 340 So.2d 235 (La.1976), cert. denied 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977) the Court expressed a preference not to prescribe "any particular form that such instructions (legal insanity consequences) must take." There the Court held that the trial judge correctly charged the jury by paraphrasing applicable portions of Articles 654 and 655 of the Code of Criminal Procedure. Furthermore the Court found that the defendant's objection to the omitted reference to the provision for notice to the district attorney to be a narrowly articulated objection, and in light of the trial judge's conscientious effort to comply with State v. Babin, supra, there was no error.
We conclude that the jury instructions in the instant case paraphrase to a great extent the provisions of Articles 654 thru 658 of the Code of Criminal Procedure. Accordingly we find no error.
This assignment is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts that it was error to permit joinder of the three counts for trial. Defendant offers nothing new since the Supreme Court determined that the probative value of the joinder of the offenses outweighs the prejudice to defendant. State v. Horton, 458 So.2d 445 (La.1984). After carefully articulating its reasons and citing cases in support thereof, the court stated:
"The three armed robberies with which the defendant before us is charged are not signature crimes, but they are similar offenses committed within a three week period within a few feet of each other. The identification of the defendant in each case is highly relevant in the other cases, and is said by the defendant to be a real issue in the case. Willie Clay knew defendant, saw him commit not one, but two robberies, and identified his picture. Each identification reinforced the other and reduced the chance of error.
This is what is meant when the court says "the prejudicial effect of the evidence of other crimes is overcome by its probative value." It may be more accurate to say that the probative value of the other crimes evidence is so great that society is vindicated (justice is served) for lumping the three offenses together, and depriving the defendant of his right *606 to a trial for one offense only." State v. Horton, supra. p. 448.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that the state failed to carry its burden of proof that he was a second offender pursuant to La. R.S. 15:529.1.
In order to succeed in a multiple bill hearing the state must prove a prior felony was committed and that defendant is the person who committed it. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Bernard, 366 So.2d 1294 (La.1978); State v. Curtis, 338 So.2d 662 (La.1976). See also, State v. Blackwell, 377 So.2d 110 (La.1979).
The following evidence was introduced at the multiple offender hearing to prove conformity with R.S. 15:529.1.
1) An unauthenticated photo copy of the arrest register from the Lafourche Parish Sheriff's Office in regard to the arrest of Frank Horton for robbery. (S-1)
2) Certified copies of documents from Lafourche Parish containing a Boykin transcript, a transcript of the sentence, a certified copy of statement of facts, certified copy of the trial court's statement of facts, a certified copy of the minutes, and a certified copy of the bill of information in Lafourche Parish case number 101942. (S-2)
3) A comparison fingerprint card obtained from defendant by Officer Sable in court the day of the multiple bill hearing. (S-3)
4) The testimony of Officer Sable as to how he compared the print in S-3 with the fingerprint on S-1 (arrest register) and determined that the prints were identical.
5) An envelope addressed to the Orleans Parish district attorney from the Lafourche Parish Sheriff's Office in which S-1 had been enclosed. (S-4)
6) A photograph received from Lafourche Parish. (S-5)
In addition to the above, the trial court took judicial notice of the fact that attorney George Hesni represented a Frank Horton in Lafourche Parish, and that George Hesni represented the defendant in the instant case at the multiple bill hearing.
We hold that it was error for the trial court to have admitted the uncertified, unauthenticated copy of the arrest register (S-1) into evidence.[3] The rule of authentication, evidencing the genuineness of a particular document must always be satisfied. State v. Martin, 356 So.2d 1370 (La.1978), appeal after remand, 372 So.2d 563 (La. 1979). A copy of a document certified by the officer who is the legal custodian is equivalent to the original for purposes of authenticity, provided the certificate of the officer concerns a matter which is under his general vested powers. La.R.S. 15:457. Here, the arrest register was not the original, nor was it a certified copy. It is inadmissable, and thus the provisions of subpart (F) of R.S. 15:529.1 are inapplicable.
Even though subpart (F) provides one method of proof of prior convictions, the facts necessary to permit enhanced sentence may also be proved by other competent evidence. State v. Blackwell, 377 So.2d 110 (La.1979). Since we have ruled the arrest register inadmissable it follows that S-3, S-4 and the testimony of Officer Sable as to the comparison of defendant's fingerprints to those in the arrest register are also inadmissable. The only competent evidence remaining is the certified copy of the Boykin transcript. (S-2), the photograph of defendant (S-5) and the trial judge's judicial notice of the same attorney representing a Ralph Horton in both proceedings.
After careful review we hold that this evidence is insufficient to prove that *607 the defendant in this case is the same who committed the prior offense. There is no positive identity link. The photograph is merely a picture of the purported Lafourche Parish defendant that bears a similarity to the defendant. It was not established that the photograph is that of a person previously convicted in Lafourche Parish. Likewise, the Boykin transcript and related documents (S-2) do not show a connexity with the present defendant, other than both have the same name.
The sentencing record is unclear as to which of the three counts defendant received an enhanced sentence,[4] nor does it reveal that defendant was sentenced on the other two counts.
We therefore affirm the conviction but vacate the enhanced sentence and remand to the trial court for sentencing on all counts consistent with this opinion.
CONVICTION AFFIRMED: SENTENCE VACATED, REMANDED.
NOTES
[1] LSA R.S. 14:64:

"A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
[2] The defendant requested the trial court read verbatim Arts. 654, 655 and 657 of the Code of Criminal Procedure.
[3] The copy of the arrest register was not located in the trial record. However, the state, in its brief before this court admits it was not certified. Thus, because we hold it inadmissable there is no necessity to review same.
[4] A multiple bill may be used to enhance one count only. State v. Sherer, 411 So.2d 1050 (La.1982).