LANIER, Judge.
This is a juvenile proceeding in which it is asserted that the juvenile is a delinquent child for committing simple burglary, a violation of La.R.S. 14:62. An adjudicatory hearing was held, and the juvenile was adjudicated a delinquent child. A subsequent dispositional hearing was held, and the juvenile was committed to the custody of the Louisiana Department of Public Safety and Corrections until his eighteenth birthday. This devolutive appeal followed.[1]
*1295 FACTS
In the late afternoon on September 17, 1986, Richard C. Broussard, a security guard for the East Baton Rouge Parish School Board, was dispatched to the University Terrace Elementary School on West Roosevelt Street in Baton Rouge, Louisiana. Broussard proceeded to the school and commenced a routine security check. When he got in back of the school's kitchen, he heard a noise coming from the back of the kindergarten section of the school. Broussard went to the kindergarten section of the school to investigate. When he arrived there, he observed two juvenile males in a classroom handing things out. of the classroom to a third juvenile male on a bicycle. Broussard approached about ten feet from the boys when they observed him and yelled “Police.” All three boys then fled. Broussard pursued and caught the boy on the bicycle. He was subsequently identified as Troy Stevenson. Broussard was unable to identify the other two boys.
Officer Vance McGutherie of the Baton Rouge City Police Department (BRCPD) was dispatched to investigate the burglary. When he arrived at the school, he met Broussard, who had Stevenson in custody. McGutherie inspected the south side of the school and found the glass broken out of a classroom door. Entry into the classroom was apparently accomplished by reaching through the door after the glass was broken out and unlocking the door from the inside. McGutherie found pens, pencils and staple guns at the scene. McGutherie asked Stevenson his name, and Stevenson spontaneously volunteered the information that “he didn't do it” and that Louis Payne and “Ducky” were involved.
McGutherie took custody of Stevenson from Broussard, brought him to the BRCPD’s detective office and turned him over to Sergeant James M. Smith of the BRCPD. Smith contacted Stevenson’s mother and grandmother, and they came to the detective office. In the presence of Stevenson’s mother and grandmother, Smith advised him of his Miranda rights. Smith questioned Stevenson about the other two juvenile males who were involved in the burglary. Stevenson identified them as Louis Payne and “Ducky.” Smith gave the following testimony[2] at the trial:
Q. Alright now, how were you able to locate (unintelligible) ...
A. The grandmother said — I think it was the grandmother, said she knew of a kid by the name of Ducky and she took me over and showed me the address where he lived and I was unable to contact Ducky at that time and I went and recontacted the original accused — the first one they brought in and contacted him and his folks and they showed me where Louis Payne lived and I went and contacted him and his moma and advised them why I was there. I charged him with that and later on I found Ducky and charged him.
Q. Alright, is Louis Payne in Court today?
A. Uh, I don’t recognize him right off, no sir.
Q. Do you recall the — or did you note in your report the location where you were directed to find him?
A. For Louis Payne?
Q. Yes.
A. I think it was 129 Tyler Street.
Q. That is your report?
A. Yes sir. Okay, right here. 214 Tyler, is where Louis lives. 129 Harrison is where Ducky lived.
Q. Okay. Alright, did Troy Stevenson, the juvenile that was originally arrested, did he, himself, indicate to you or help indicate to you where Ducky lived?
A. Yes sir. He didn’t know the numerical address, but he knew the address, 1 mean the street itself.
Q. The location. How about — did he know the house?
A. He didn’t know the numerical address of it.
*1296 Q. I mean he knew, this house or that house?
A. Oh yes, oh yes sir.
[[Image here]]
Q. Officer, you mentioned a little earlier that your identification of these individuals who were pointed out to you by Troy Stevenson, you thought that maybe it had been noted in another report ...
A. That’s correct.
Q. I would ask that you look at your report in reference to this offense and check and see.
A. The detective learned that the black male subject, Ducky, is Edward D. Hayes of 129 West Harrison and his mother’s name is Barbara Hayes.
Q. Where did you obtain that information, do you recall?
A. During the course of the investigation.
Q. Alright, was this the place that was pointed out to you by the Stevenson people?
A. Yes sir.
SUFFICIENCY OF EVIDENCE
(Assignments of Error Numbers 1, 2 and 3)
The juvenile contends the trial court committed error (1) when it denied his motion for a directed verdict after the state rested, (2) when it found him guilty based on insufficient evidence, and (3) when it adjudicated him a delinquent child. He asserts that the state has failed to prove that he was the individual named Edward Hayes who participated in the burglary. The state has not filed a brief in response to these claims.
When the state charges a child with a delinquent act, it has the burden of proving each element of the offense beyond a reasonable doubt. La.C.J.P. art. 73. In State v. Taylor, 410 So.2d 224, 225 (La.1982), a reasonable doubt was defined as follows:
A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason.
The state must prove not only that an offense (delinquent act) was committed but that it was the defendant child who committed the offense. Cf. State v. Freetime, 334 So.2d 207 (La.1976); State v. Jackson, 444 So.2d 351 (La.App. 1st Cir.1983).
The petition[3] filed by the state alleges that the offense was committed by Edward Hayes, age 11 (date of birth July 18, 1975), whose address is 125 West Harrison Street, Baton Rouge, Louisiana, and whose parent is Barbara Hayes of that same address. Broussard, the school board security guard, testified he was unable to identify either of the boys who ran away from the scene of the burglary (and whom he did not catch). Broussard was not asked to identify the defendant child in court. Officer' McGutherie did not see either of the two boys who ran away from the scene of the burglary. Sergeant Smith investigated the burglary and determined that it was committed by Edward D. “Ducky” Hayes, whose address is 129 West Harrison, and whose mother is Barbara Hayes. Sergeant Smith was not asked to identify anyone in the courtroom as that person and was not asked if the Edward Hayes d/o/b 7-18-’75 named in the petition was the same person *1297 as the Edward D. “Ducky” Hayes whom he determined had participated in the offense. Sergeant Smith was asked to identify Louis Payne, and he could not do so. The transcript of the adjudicatory hearing shows that counsel for Edward Hayes stipulated that he was a resident of East Baton Rouge Parish and that he was born on July 18, 1975. The minute entry and transcript for the adjudicatory hearing reflect that Edward Hayes’ mother was not present.
The state had the burden of proving that the Edward D. “Ducky” Hayes who committed the crime was the same person as the Edward Hayes charged in the petition who was present at the trial. The fact that both names are the same (or are similar) does not prove that the person charged is also the person who committed the offense. Cf. State v. Curtis, 338 So.2d 662 (La.1976); State v. Horton, 487 So.2d 602 (La.App. 4th Cir.1986). Because there is no evidence[4] of this essential element, the adjudication of delinquency must be reversed.
These assignments of error have merit.
DECREE
For the foregoing reasons, the judgment adjudicating the juvenile a delinquent child is reversed, the disposition is vacated, and the juvenile is ordered discharged.
REVERSED AND RENDERED.

. The judgment of disposition was signed on April 13, 1987. The initial motion for an appeal was filed on May 1, 1987. On October 14, 1987, this court dismissed the appeal as untimely under the fifteen day period of La.C.J.P. art. 99. On March 3, 1988, the appellant filed an ex parte motion for an out-of-time appeal asserting the initial appeal was not timely because of "a clerical error.” The family court judge signed this order. The state has not objected to this procedure or filed a motion to dismiss this out-of-time appeal. Compare State v. Counterman, 475 So.2d 336 (La.1985), 491 So.2d 86 (La.App. 1st Cir.1986) and 501 So.2d 766 (La.1987) with La.C.J.P. art. 24, In the Interest of H.M., 411 So.2d 1176 (La.App. 4th Cir.1982), and In the Interest of McGuire, 446 So.2d 460 (La.App. 4th Cir.1984).

. The hearsay aspects of Sergeant Smith’s testimony was not objected to by counsel for the juvenile.

. La.CJ.P. art. 48 provides as follows:
A. The petition shall set forth with specificity:
(1) The name, date and place of birth, sex, race, address and present location of the child;
(2) The names and addresses of the parents and spouse, if any, of the child; provided that if the parents are not within the state or cannot be located, the name and address of the child’s closest adult relative within the state or, if there be none, the known adult relative residing nearest to the court;
(3) Facts which show that the child is a delinquent child, a child in need of supervision, or a child in need of care; and
(4) The statute or ordinance which the child is alleged to have violated if an offense is the basis for filing the petition.
B. If the information required by Subpara-graph A(l) or (2) is unknown, the petition shall so allege. Any defects in the allegations required by Subparagraphs (1) and (2) and in the citation of the statute or ordinance required by Subparagraph (4) shall be considered defects of form.

. Because we find no evidence of an essential element, it is unnecessary to determine which standard of reviewing the sufficiency of the evidence is applicable herein. See State in the Interest of Cox, 461 So.2d 658 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1375 (La.1985).