SEXTON, Judge.
After remand by the Louisiana Supreme Court, this court is presented with the issue of constitutional exeessiveness of Mims’ 35-year sentence. State v. Mims, 619 So.2d 1059 (La.1993).
On January 12, 1985, the defendant attacked a 70-year-old woman and stole her purse when she returned home from grocery shopping. The defendant was arrested two days later on an unrelated charge, and the victim’s credit card was found in the car he was driving. Five days after the incident, during her 18-day hospitalization, the victim gave a statement to the police and picked the defendant’s picture from a photographic lineup.
Mims was convicted by a jury of purse snatching and second degree battery. He was adjudicated a third felony offender based on 1978 convictions for attempted simple burglary and attempted armed robbery. Mims was sentenced to serve 35 years for the purse snatching and 5 years for the battery, the sentences to run concurrently. His convictions and sentences were affirmed by this court. State v. Mims, 501 So.2d 962 (La. App. 2d Cir.1987).
Mims filed for post-conviction relief, alleging that his 35-year sentence for purse-snatching as a third felony offender was improper because the two predicate convictions in 1978 were entered on the same day. Ultimately, the Louisiana Supreme Court set aside the defendant’s adjudication as a third felony offender and remanded the case to the district court, ordering that Mims be sentenced as a second offender. State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992).
On remand, Mims was again sentenced to 35 years. The trial court departed upward from the recommendation of the Felony Sentencing Guidelines. In considering the sentence, the court was particularly influenced by the fact that the defendant was motivated to attack this victim because her advanced age made her particularly vulnerable and also because the severity of her injuries required hospitalization. Defense counsel made an oral motion for reconsideration of the sentence, asserting simply that the sentence was “excessive.” This court refused to consider Mims’ claim of exeessiveness because his motion did not assert specific grounds for his claim of exeessiveness. State v. Mims, 614 So.2d 776 (La.App. 2d Cir.1993).
The Louisiana Supreme Court reversed, holding that, under LSA-C.Cr.P. Art. 881.1, “in order to preserve a claim of constitutional exeessiveness, the defendant need not allege any more specific ground than that the sentence is excessive.” State v. Mims, 619 *858 So.2d at 1059. Defendants who fail to “allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing ... [are] simply relegated to having the appellate court consider the bare claim of excessiveness.” State v. Mims, 619 So.2d at 1059-60. Thus, the case was remanded to this court for consideration of the question of whether the defendant’s sentences are constitutionally excessive.
A sentence is constitutionally excessive in violation of the Louisiana Constitution if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
The crime of purse snatching is punishable by imprisonment, with or without hard labor, for not less than two years and for not more than 20 years. LSA-R.S. 14:65.1. This defendant was adjudicated a second felony offender. Accordingly, the sentence imposed cannot be less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. LSA-R.S. 15:529.1.A(1). Therefore, this defendant was required by law to serve a minimum of 10 years, and faced a maximum sentence of 40 years.
This defendant has a history of violent felonious conduct. In 1978, he pled guilty to attempted simple burglary, after having been charged with simple burglary. In a separate incident, Mims robbed a man at gunpoint. The man had just cashed his social security check. Mims was charged with armed robbery, but “pled down” to attempted armed robbery. Less than two years after his release from prison, Mims committed the present offense, preying on Mrs. Lillie Marie Haywood, age 70, as she was removing groceries from her car. Mims asked if Mrs. Haywood’s husband was at home and then struck her in the eye, knocking her against her car. He then pried her purse from under her arm and fled. Mims’ victim was hospitalized for 18 days with serious head, back, and eye injuries.
Parenthetically, the attack on Mrs. Haywood occurred at the end of what appears to have been a two-month crime spree. In State v. Mims, 478 So.2d 685 (La.App. 2d Cir.1985), upon supervisory review, we granted this defendant’s writ application in part and severed the instant offenses, which occurred on January 12,1985, from three other offenses alleged to have occurred earlier. Count One involved a November 10, 1984 purse snatching from a 73-year-old lady in a local shopping center. Count Two alleged the theft of a 76-year-old victim’s purse by fraudulent means on January 3, 1985. In so doing, the defendant described himself as working for the “Social Security Board.” On January 3,1985, the defendant was alleged to have gained entry to the home of a 62-year-old woman by use of the social security ploy. The defendant was alleged to have taken the victim’s purse after striking her a blow which required seven stitches.*
The foregoing considered, we conclude that the sentence is clearly not excessive. The defendant’s history reveals that he is a violent offender with a propensity toward preying on helpless, elderly victims. There is an undue risk that he would commit other violent crimes, and he is in need of correctional treatment best provided by long-term incarceration. We find no constitutional infirmity in the sentence and affirm.
AFFIRMED.

 Our research fails to indicate further proceedings with respect to the severed charges. Presumably, they are still pending.