441 So.2d 745 (1983)
STATE of Louisiana
v.
Calvin DUNNS.
No. 81-KA-0527.
Supreme Court of Louisiana.
November 28, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Tom Cowan, Asst., Dist. Attys., for plaintiff-appellee.
Philip R. Johnson, George E. Escher, Katner & Escher, New Orleans, for defendant-appellant.
PER CURIAM.
Calvin B. Dunns was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged. The trial judge, after denying defendant's motion for a presentence investigation, sentenced him to serve forty years at hard labor. On appeal, defendant's conviction was affirmed by this court; however, because the trial judge had failed to comply with the sentencing guidelines of La.Code Crim.P. art. 894.1, we vacated his sentence and remanded the case to the trial court for re-sentencing. State v. Dunns, 404 So.2d 1235 (La. 1981). On remand, after a pre-sentence investigation and in compliance with La. Code Crim.P. art. 894.1 at a sentencing hearing, the trial judge sentenced defendant to serve forty years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant appeals to this court urging one assignment of error, that the sentence imposed is excessive. Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). The penalty provision for armed robbery (La. R.S. 14:64) is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. After review of the record in this case, we are unable to say that the trial judge abused his discretion in sentencing defendant to forty years at hard labor without benefit of parole, probation or suspension *746 of sentence. Hence, we do not find defendant's sentence excessive. Accordingly, defendant's sentence is affirmed.