480 So.2d 420 (1985)
STATE of Louisiana
v.
Donald LABUZAN.
No. KA 2776.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
*421 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia E. Black, Asst. Dist. Atty., Sherry T. Cochrane, Law Clerk, New Orleans, for appellee.
Before BARRY, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
In a single bill of information the district attorney charged defendant with three counts of armed robbery. La.R.S. 14:64. A jury found defendant guilty as charged on all three counts. As his only assignment of error defendant argues that the trial court erred by denying his motion to sever the three counts for trial.
The three counts were properly joined in a single bill of information because they were of the same or similar character and were triable by the same mode of trial. La.C.Cr.P.Art. 493. Proper joinder in the bill of information, however, does not complete the inquiry. State v. Horton, 458 So.2d 445 (La.1984). A defendant properly charged with multiple counts in a single bill of information may request a severance of the offenses for trial. La.C.Cr.P.Art. 495.1 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
*422 The ruling on a motion to sever made pursuant to the provisions of La.C. Cr.P.Art. 495.1 is addressed to the sound discretion of the trial court, and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Celestine, 452 So.2d 676 (La.1984), cert. denied, ___ U.S.___, 105 S.Ct. 224, 83 L.Ed.2d 154, (1984); State v. Williams, 418 So.2d 562 (La.1982).
The Supreme Court in State v. Washington, 386 So.2d 1368 (La.1980), set out what the trial court should consider when determining whether the joinder results in prejudice. Those considerations include,
whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
386 So.2d at 1371
In the present case all three armed robberies occurred during the nighttime, in the same area of the city, and within a ten-day time period. Each of the victims was travelling alone when accosted. Each robbery presents a simple factual situation. The jury was required to distinguish the evidence and intelligently apply the law to only three offenses.
In State v. Robinson, 404 So.2d 907 (La. 1981), the court permitted the joint trial of two charges of armed robbery, holding
There is no prejudicial effect from joinder of the two offenses when the evidence of each offense is relatively simple and distinct, even though such evidence might not have been admissible in separate trials of the offenses; because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. See Drew v. United States, 331 F.2d 85, 91 (D.C.Cir.1964). Moreover, since the charges were for a violation of the same statute (La.R.S. 14:64), there should have been no confusion in the application of the law to the offenses. Under LSA-C.Cr.P.art. 495.1, as amended by Act No. 466 of 1978, a severance need not be granted if other safeguards will effectively prevent the prejudicial effect of joinder. See State v. Washington, supra.

In many instances the trial judge can mitigate any prejudice from joinder of offenses by providing clear instructions to the jury. The prosecutor may further curtail any prejudice with an orderly presentation of evidence. State v. Horton, supra; State v. Celestine, supra. The prosecutor in this case presented the evidence in an orderly, compartmentalized fashion such that it was an easy task for the jury to distinguish the evidence for segregated application to each count.
The three armed robberies, although in some ways similar, did not present a unique modus operandi so as to qualify as "signature crimes." Thus, the offenses would not have been admissable in separate trials under the rationale of State v. Prieur, 277 So.2d 126 (La.1973). See State v. Washington, supra, and State v. Carter, 352 So.2d 607 (La.1977). It is necessary, therefore, to determine whether the jury knew that defendant was charged with separate offenses requiring separate verdicts as to each offense and that the evidence of one offense could not be considered as evidence of the other offenses. State v. Celestine, supra.
The trial judge's charge to the jury included the following:
As stated to you previously during voir dire, you are to take each count separately and apply the facts and the law that I have given you. And then you go through your responsive verdicts to get a verdict on each count. You must go down and take each count separately and come up with a responsive verdict.
The jury was supplied with a list of each offense and the responsive verdicts as to each with the name of each corresponding *423 victim attached. The jury returned three separate verdicts.
We conclude that the jury was sufficiently apprised of its function and responsibilities to protect defendant from being prejudiced by the joinder. After a review of the proceedings we find that defendant was not prejudiced by the joinder of these offenses for trial. Accordingly, we hold that the trial judge did not abuse his discretion by denying defendant's motion to sever.
We have also reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings, La.C.Cr.P. Art. 920, and for sufficiency of the evidence. We have discovered no errors favorable to the defendant, and find the evidence sufficient to sustain defendant's convictions on each count.
Defendant's convictions and sentences as to all these counts are affirmed.
AFFIRMED.