GAUDIN, Judge.
Carl Williams, convicted of attempted simple burglary and illegal possession of stolen property by a six-person jury in the 24th Judicial District Court, assigns four trial court errors and also asks this Court to search for errors patent. Additional alleged errors were neither briefed nor orally argued and thus were effectively abandoned.
Williams contends, in his first two assignments of error, that the trial judge erroneously denied his motions to quash and to sever for trial the two charged offenses.
The third assigned error states that the trial judge wrongly denied a defense request for a special jury charge.
The final assignment of error relates to the alleged insufficiency of evidence supporting the convictions. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is cited.
*1192 Finding no substance in these assignments of error, we affirm appellant's conviction and sentence. There are no serious errors patent. Williams was sentenced to six years at hard labor for attempted simple burglary and 20 years at hard labor for possession of stolen property, an automobile valued in excess of $500.00, the sentences to run concurrent.
The minute entry on page 12 of the record shows that Williams was convicted of simple burglary instead of attempted simple burglary of a motor vehicle. We remand to the district court solely for the insertion of a correct minute entry, one conforming to the transcript. See State v. Lynch, 441 So.2d 732 (La.1988).
The record indicates that Williams had prior convictions in Orleans Parish, including a 1986 conviction for burglary of a vehicle for which he received a two-year suspended jail sentence. The instant Jefferson Parish crimes occurred in January, 1987.
ASSIGNMENTS 1 AND 2
In these assignments of error, Williams argues that the Bill of Information should have been quashed or severed because two totally unrelated and disconnected offenses were unconstitutionally and illegally joined. Williams believes that the joinder of charges eroded his presumption of innocence.
Specifically, Williams was charged with violation of LSA-R.S. 14:62, simple burglary of a motor vehicle, and LSA-R.S. 14:69, receiving stolen things, to wit: a 1979 Oldsmobile automobile worth $5,000.00 belonging to Ms. June Walley.
Article 493 of the Louisiana Code of Criminal Procedure provides:
“Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.”
If it appears, however, that a defendant is prejudiced by a joinder, he is entitled to a severance. See LSA-C.Cr.P. art. 495.1. A trial judge, after considering the overall nature of the charged crimes and any possible prejudice or unfairness, makes the call.
Here, the offenses were triable by the same mode. Williams, after some on-the-record discussion, chose to be tried for both offenses by a jury. Although the two violations concerned two different autos, the crimes were separated in time by less than 30 minutes, separated in location by less than one mile and were of the same general criminal character.
From the testimony and evidence, it is quite apparent that Williams and a woman named Suzette Richardson were driving Ms. Walley’s auto, which had been stolen, on the River Road in Marrero, Louisiana, when they lost control of the vehicle and drove into a ditch. They abandoned this car and walked approximately one-half mile to where they came across a 1982 Oldsmobile owned by Geraldine Clements. While Williams kept a lookout, Ms. Richardson broke the rear side window. Two witnesses observed Williams keeping watch and Ms. Richardson inside the car. When Williams and Ms. Richardson walked away, the sheriff’s office was called. A dispatch relating to the attempted burglary was broadcast over the police radio.
State trooper Christopher Baudet heard the description of Williams and Ms. Richardson and drove toward the area of the reported crime. He spotted the two suspects coming out of a field on foot and made the arrests. Williams and Ms. Richardson were taken back to where Ms. Clements’ automobile was and both suspects were positively identified by witnesses as the persons who had attempted the theft.
Subsequent investigation established Williams’ connection to the Oldsmobile that had been abandoned in the River Road ditch. At trial, Roger Hersch, a witness, identified Williams as one of the two per *1193 sons who had exited from the car after it ran off the roadway at 10 minutes to 8 a.m. The attempted break-in of the second automobile occurred very shortly after 8 a.m.
Hersch and a companion saw the Oldsmobile drive into the ditch and saw Williams and Ms. Richardson get out of the auto. Williams and Ms. Richardson then walked to where Hersch and his friend were and asked for a match to light a cigarette. Hersch was positive in his identification of Williams, as were the two witnesses who testified about the attempted theft of the Clements vehicle.
When two or more alleged crimes are joined in a single bill, the jury must be able to distinguish between the evidence applicable to each charge and be able to intelligently apply the law to each offense. In State v. Washington, 386 So.2d 1368 (La.1980) the Supreme Court of Louisiana, addressing the issue of prejudicial joinder, said at page 1371:
“In ruling on the motion, the trial court must weigh the possibility of prejudice versus the important considerations of judicial economy and administration. In determining whether prejudice may result from the joinder, the court should consider whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.”
Different witnesses here testified about each easily distinguishable charge. There is nothing in the testimony suggesting any jury confusion. The trial judge instructed the jurors to consider Williams’ guilt or innocence as to each count independent of the other. We note that the jury found Williams guilty of attempted simple burglary, a lesser grade of R.S. 14:62, indicating the jurors’ ability to separate the charged offenses and their ability to return verdicts conforming to the evidence. Williams and Mr. Richardson did not steal Ms. Clements’ automobile. They only tried to.
In effect, each count in Williams’ bill was part of the res gestae of the other crime. See State v. Bland, 419 So.2d 1227 (La. 1982), and State v. Labostrie, 358 So.2d 1243 (La.1978).
ASSIGNMENT NO. 3
Williams contends, in this assignment of error, that the trial judge erred in not including the following requested passage in his charge to the jury:
“That one of the elements of record is that a theft or felony be committed within the premises and that if you find that the defendant intended to commit a theft at that time of the entry of the premises then you must find that he continued on to commit the theft of the property and the premises and be assumed to possess the property from the premises.”
LSA-C.Cr.P. art. 807 requires the reading of a special charge if it does not require qualification, limitation or explanation and if it is wholly correct and pertinent. Williams’ requested special charge relates to a person entering a premise with intent to commit a theft or felony within. This requested charge is neither pertinent to the facts of the case nor is it clear from the record why appellant requested such a charge.
The charge read to the jury accurately described simple burglary of a motor vehicle. The jurors were advised of all of the elements of this offense and what the prosecution had to prove. It was not erroneous for the trial judge to deny the motion asking for this special charge.
The charge also properly dealt with all elements of R.S. 14:69, receiving stolen things.
ASSIGNMENT NO. 4
Williams argues that the evidence was not sufficient to support the guilty verdicts. Jackson v. Virginia, supra, requires that the reviewing court determine whether viewing the evidence in the light most fa *1194 vorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
Concerning R.S. 14:69, the state proved that Ms. Walley’s automobile had been stolen, that when it was found its steering column had been broken into and that Williams and his companion were positively identified as the persons in the car when it was driven into the River Road ditch. There were no keys in the auto, showing that Williams had good reason to know that the vehicle had been illegally taken if in fact he did not earlier steal it himself.
As circumstantial evidence was used to prove or partially prove the commission of this crime, LSA-R.S. 15:438 is applicable. This statute reads:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
This is not a separate test from the Jackson v. Virginia standard but instead a helpful methodology for determining the existence of reasonable doubt. See State v. Porretto, 468 So.2d 1142 (La.1986). Ultimately, all evidence must be sufficient to show a defendant’s guilt beyond a reasonable doubt.
Here, the eyewitness testimony and circumstantial evidence establish Williams’ R.S. 14:69 guilt beyond a reasonable doubt.
The second charge — R.S. 14:62, attempted burglary of a motor vehicle — was likewise proved beyond a reasonable doubt. The eyewitness testimony and other evidence showed:
(1) Ms. Richardson did not have permission or authority to be inside of the Clements auto,
(2) the window was shattered, indicating an illegal entry,
(3) the steering column was broken into,
(4) Williams was in the company of Ms. Richardson before and after the break-in,
and
(5)Williams’ behavior and actions were consistent with those of a lookout, making him involved and consequently a principal.
Williams did not testify at trial. Ms. Richardson took the stand briefly, only to invoke the 5th Amendment to the United States Constitution after discussing her situation with her counsel. She was scheduled to be tried separately.
We have examined this record closely, finding no errors except for the inadvertent minute entry previously discussed. Appellant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED; REMANDED ONLY FOR CORRECTION OF CLERICAL ERROR.