542 So.2d 620 (1989)
STATE of Louisiana
v.
Clyde SCHNEIDER.
No. 88-KA-887.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
Martin E. Regan, Jr., New Orleans, for defendant/appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for State of La.
Before CHEHARDY, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from an appeal on behalf of defendant, Clyde Schneider (Schneider). Schneider was charged by bill of information with three counts of armed robbery in violation of La.R.S. 14:64. A jury found him guilty as charged on two counts. He was sentenced to serve fifty years at hard labor without benefit of parole, probation or suspension of sentence on each count. The sentences are consecutive with credit for time served. We affirm the conviction and sentence.
The testimony at trial set out the following: On August 16, 1987, shortly after midnight, Jo Ann St. Lawrence (Lawrence), a taxi driver, received a call from her radio dispatcher to collect a fare at a location in Jefferson parish. When Lawrence drove her cab into a parking lot at that location she saw Schneider abruptly hang up a telephone and hurry toward her cab. Schneider told Lawrence he wanted to go to the corner of Ohio and Thirty-First. When she arrived at the corner she turned to collect her $3.70 fare. Schneider then pointed a gun at her. Lawrence reacted by calling her dispatcher.
*621 However, Schneider ordered her to turn off the radio and toss the microphone aside. Lawrence gave him her money and jewelry as he ordered. Schneider threatened to kill her if she told about the robbery.
The second conviction for armed robbery involved an incident which occurred on August 17, 1987. The testimony at trial set forth that Suzanne Rome (Rome), an employee of Oriental Cleaners opened the store at 7:00 a.m. on that date. At approximately 7:15 a.m. Schneider entered the store and asked Rome whether she had any money. When she answered negatively, Schneider pointed a gun at her. Rome gave Schneider money from the cash register. Thereafter, Schneider demanded the money in Rome's purse. As he left the store, Schneider threatened to kill Rome if she called the police. Both victims subsequently identified Schneider from a photographic lineup.
In his only assignment of error, the defendant alleges error in the trial court's denial of his motion to sever offenses.
Because the three counts charge the defendant with armed robbery, they were properly joined in the bill of information pursuant to La.C.Cr.P. art. 493 which provides that two or more offenses may be charged by separate counts in the same bill of information if they are of the same or similar character provided that they are triable by the same mode of trial.
This alone does not require that the counts be tried together, as a defendant charged with multiple counts in a single information may request a severance of the offenses for trial. Pursuant to La.C.Cr.P. art. 495.1 "If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." In ruling on a motion to sever, the trial court should weigh the possibility of prejudice versus the important considerations of judicial economy and administration. State v. Washington, 386 So.2d 1368 (La.1980); appeal after remand, 430 So.2d 641 (La. 1983). Factors for the court to consider when determining whether the joinder of two or more offenses would result in prejudice include
... whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
State v. Washington, supra at 1371.
However, in many cases the trial court can mitigate any prejudice from joinder of offenses by providing clear instructions to the jury. The prosecutor may further curtail any prejudice with an orderly presentation of evidence. State v. Celestine, 452 So.2d 676 (La.1984); State v. Labuzan, 480 So.2d 420 (La.App. 4th Cir. 1985).
The defendant has a heavy burden of proof when alleging prejudicial joinder; he must make a clear showing of prejudice. State v. Machon, 410 So.2d 1065 (La.1982). A ruling on a motion to sever offenses is addressed to the sound discretion of the trial court and its ruling should not be disturbed absent a showing of abuse of that discretion. State v. Celestine, supra.
In this case, the jury was presented with evidence of three armed robberies within a period of two days in the Kenner area. The defendant was found guilty of two. Each robbery presented a simple factual situation. Also, the evidence was presented in an orderly fashion so that the jury could distinguish the facts pertinent to each crime. Each witness testified to events relative to only one of the crimes.
Although each crime committed was an armed robbery, the crimes were not so similar as to present a unique "modus operandi" to qualify as signature crimes under State v. Prieur, 277 So.2d 126 (La.1973). Thus, it must be determined whether the *622 jury knew that the defendant was charged with separate offenses requiring separate verdicts as to each offense and that the evidence of one offense could not be considered as evidence of the other offenses. State v. Celestine, supra; State v. Labuzan, supra.
The trial court instructed the jury to "consider the defendant's guilt or innocence as to each individual count independently and separately of all other counts of the indictment." The instructions also separately sets forth the elements the state needed to prove for each charge (and responsive verdicts to each charge). A separate verdict sheet with the responsive verdicts for each count was given to the jury. They returned with three separate verdicts, including one verdict of not guilty (count three) which indicates that they did not consider the evidence presented to support the other two counts in determining the verdict to count three. Compare State v. Williams, 532 So.2d 1190 (La.App. 5th Cir. 1988).
Accordingly, the defendant has not made a clear showing of prejudice and the trial court did not abuse its discretion in denying the motion to sever.
The defendant further alleges that the offenses should not have been tried together because they were not legitimate "other crimes" evidence which would have been admissible in separate trials under State v. Prieur, supra. In support of its contention the defendant cites State v. Carter, 352 So.2d 607 (La.1977) and other cases which had suggested that, in order for separate offenses to be tried together, evidence of each should have been admissible at the trial of others. However, as noted in State v. Machon, supra, these cases occurred prior to the 1978 amendment to La.C.Cr.P. art. 495.1 which allowed the trial court "greater flexibility in deciding whether a severance of offenses is warranted in a particular case." Id. at 1068. Under amendment a severance is not mandated simply because the offenses would not be admissible at a separate trial if the defendant is not prejudiced by the joinder. State v. Celestine, supra. The joinder of the offenses did not result in prejudice to the defendant so as to warrant a severance for trial.
Accordingly, this assignment lacks merit.
ERROR PATENT DISCUSSION
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Gilmore, 522 So.2d 658 (La.App. 5th Cir.1988).
Such a review of the record reveals no such errors patent exist. Accordingly, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.