596 So.2d 358 (1992)
STATE of Louisiana
v.
Major DAVIS.
No. 88-KA-1515.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1992.
*360 Harry Connick, Dist. Atty., Lisa A. McLachlan, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Geri Flaum, Student Practitioner, Darryl Derbigny, Supervising Atty., New Orleans, for defendant/appellant.
Before BARRY and CIACCIO, JJ., and BRYAN, J. Pro Tem.
TREVOR G. BRYAN, Judge Pro Tem.
On February 18, 1987 the State charged Major Davis with four counts of armed robbery, violations of R.S. 14:64 et seq. Davis pled not guilty, and on April 28, 1987, a jury found him guilty as charged on Counts 1, 3, and 4 and guilty of first degree robbery, a violation of R.S. 14:64.1, on Count 2. The trial judge sentenced Davis to twenty years at hard labor with credit for time served without benefit of probation, parole or suspension of sentence on Count 1, on Count 3 and on Count 4 and to ten years at hard labor without benefit of probation, parole or suspension of sentence on Count 2, all sentences to run consecutively.
On October 30, 1986 at about 7:30 p.m. George Angelus approached the front gate of his home on Aline Street carrying packages in his arm. A man ran in front of him, pointed a gun in his face and said "give it up" while another man went behind him and lifted his wallet from his pocket. The perpetrators took Mr. Angelus's keys and tennis racket, forced him to turn around and sit down on the ground, and then ran off.
On November 21, 1986 at about 12:40 p.m. Beryl Shaddinger arrived at work at a law firm on Louisiana Avenue. When she got out of her car, she was accosted from behind by a man with a gun while another man stood directly to her right. The man with the gun said "give me your purse." She threw her purse down. The two perpetrators ran off after gathering the items off the ground.
On December 11, 1986 at about 9:30 p.m. Mr. and Mrs. George Griswold left a party on Fourth Street and got into their car. A man approached the driver's side of the car and pointed a gun in the window. Going to the passenger's side of the car and while pointing the gun at Mrs. Griswold, he demanded Mr. Griswold's ring, watch, money clip and jewelry.
On December 24, 1986 Davis was arrested.
On January 10, 1987 the police conducted a physical line-up, which included Davis. Mr. Angelus identified Davis as the man who had held a gun to his head when he was robbed. Beryl Shaddinger identified Davis as the man who had stood next to her during the robbery while his accomplice held a gun to her and demanded her purse. Mr. Griswold identified Davis as the man who held a gun to him and robbed him and his wife.
Ruth Weaver Davis, the defendant's mother, testified, attempting to establish that Davis was not in the area where the robberies occurred. Davis also testified, denying that he committed these crimes.
A review of the record for errors patent reveals none.
In the first assignment of error, the defense contends that the trial court erred in denying its motion to sever.
C.Cr.P. art. 495.1 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, *361 the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
Whether a motion to sever should be granted rests within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Celestine, 452 So.2d 676 (La.1984), cert. denied 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984); State v. Stevens, 522 So.2d 1218 (La.App.4th Cir.), writ denied 524 So.2d 517 (La.1988).
Usually, "there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime." State v. Lewis, 557 So.2d 980, 984 (La.App. 4th Cir.1990), writ denied 578 So.2d 922 (La.1991); Celestine, supra.
In State v. Labuzan, 480 So.2d 420 (La. App.4th Cir.1985), this Court held that the trial court did not err in denying defendant's motion to sever for trial three counts against him for armed robbery when all three robberies occurred at night in the same area of the city within a ten-day time period. The Court noted that the jury was instructed to consider each count separately, to render a verdict on each count and had been supplied with a list of each offense and the responsive verdicts for each offense.
In Stevens, supra, this Court held that the trial court did not err in denying a motion to sever for trial two counts of aggravated rape and related charges arising out of separate incidents on successive days. This Court noted that the evidence was distinct for each incident, that it was not possible for the jury to have confused the evidence about one incident with the other one, and that the State presented all evidence on one incident the first day of trial and presented all evidence on the other incident the second day of trial.
This case involved four counts of armed robbery. Each robbery occurred in the Uptown area within a six-week period. In each, the perpetrator(s) held a gun on the victim(s) during the robbery. At trial, the investigating officer as well as the victim for each robbery testified. The facts of each case were simple. The events occurred on separate days and at different locations, the victims of which were different for each event.
It is doubtful that the jury would confuse the facts of the crimes. Further, the judge instructed the jury to consider each count separately and to render a verdict on each count. There was a separate verdict form for each count with the name of the corresponding victim on it.
Considering these factors, the trial court did not err in denying the motion to sever.
In the second assignment of error, the defense claims that the sentences imposed were excessive. The trial judge sentenced Davis to twenty years imprisonment on each of the three armed robbery convictions and to ten years imprisonment on the first degree robbery conviction. The sentences are to run consecutively.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person.... to cruel, excessive or unusual punishment." A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La.App.4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. See, State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. *362 Brogdon, supra; State v. Brogdon, supra; State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
In this case, the trial judge observed that Davis engaged in a scheme of robberies in the Uptown area mostly when it was dark. She also noted that either Davis or an accomplice held a gun on the victim while the other robbed him.
Davis's criminal record was considered. His juvenile record included charges of two counts of resisting an officer and receiving stolen property on November 30, 1985, an arrest on December 14, 1985 for shoplifting, and arrests on December 25, 1985 for resisting an officer, auto theft and simple burglary.
As an adult, he had one prior felony conviction. On August 24, 1986, he pled guilty to possession of stolen property, and he received a one year suspended sentence and was placed on probation for two years. The instant crimes occurred shortly after his probationary period.
The trial judge noted Davis's youth, but concluded that, despite his age, the nature of the crimes and his criminal record warranted the sentences that she imposed. Considering the reasons stated, the trial judge complied with the C.Cr.P. art. 894.1 sentencing guidelines.
The next inquiry is whether the sentences are excessive in light of sentences imposed by other courts in similar circumstances. In this case, Davis received a twenty-year sentence on each of the three armed robbery convictions in each of which he held a gun to the victim. The maximum sentence for armed robbery is ninety-nine years so that the twenty-year period imposed on each count is much less than what could have been imposed.
In State v. Watson, 575 So.2d 411, 415 (La.App.4th Cir.1991), this Court summarized several decisions which addressed whether the length of sentence imposed on an armed robbery conviction was excessive, concluding that the defendant's armed robbery sentence of one-half the maximum was not excessive. In State v. Dunns, 441 So.2d 745 (La.1983), the Louisiana Supreme Court upheld a forty-year sentence imposed upon a first felony offender for armed robbery. Considering these decisions and the facts in this case, the twenty-year sentences are not excessive.
On Count 2, Davis was found guilty of first degree robbery and sentenced to ten years imprisonment for a robbery in which his accomplice held a gun to the victim. The maximum sentence which could have been imposed for this offense is forty years. Davis's sentence is not excessive in light of other decisions. See State v. Wallace, 522 So.2d 1184 (La.App.4th Cir. 1988) [upholding a forty-year sentence for first degree robbery for a first offender].
Another issue is whether the sentences are excessive because the trial court ordered them to be served consecutively.
C.Cr.P. art. 883 provides in part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
While facts giving rise to the first two counts occurred on different days and arose out of separate courses of conduct, Counts 3 and 4 arose out of a single course of conduct, the armed robbery of Mr. and Mrs. Griswold. Generally, sentences for crimes arising out of a single course of conduct are served concurrently. However, the imposition of consecutive sentences for such crimes is not automatically excessive. State v. Collins, 557 So.2d 269 (La.App.4th Cir.1990); State v. Jackson, 552 So.2d 445 (La.App.4th Cir.1989). The presumption of concurrent sentences for same transaction crimes is rebutted without an abuse of discretion if the court expressly directs the imposition of consecutive sentences and articulates that the sentences are based upon appropriate factors that justify the imposition of consecutive *363 sentences. Jackson, supra. These factors include the factors enumerated in C.Cr.P. art. 894.1, to wit: whether the defendant poses an unusual risk to the safety of the public, the defendant's criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, and the potential for defendant's rehabilitation. Jackson, supra at 447-448.
In Jackson, the defendant was sentenced to life imprisonment for aggravated rape, fifty years at hard labor for armed robbery, and fifteen years at hard labor for crime against nature, the sentences to be served consecutively. The crimes arose out of a single course of conduct. In reviewing whether the trial court erred in ordering the sentences to run consecutively, this Court found that the trial judge listed the aggravating and mitigating factors that he considered in imposing consecutive sentences. Noting the defendant's youth and lack of criminal record, the trial court found that the nature of the offenses and facts adduced at trial outweighed those two mitigating facts. This Court affirmed the sentences, stating:
The fact that the sentencing court did not specifically use the phrase, "The reasons for these consecutive sentences are as follows:," is of no consequence. A review of the sentencing transcript clearly indicated that the sentencing court explained the reasons for sentencing as they pertained to the sentence as a whole which explanation included the reasons for the imposition of consecutive sentences. Id. at 448.
See also, State v. Williams, 541 So.2d 401 (La.App.4th Cir.1989), writ denied 564 So.2d 320 (La.1990).
In this case, the court went to some length to explain the sentences imposed as a whole, although, like Jackson, it did not specifically say "the reason for consecutive sentences is as follows." The court noted Davis's scheme to rob uptown residents by threatening them with a gun, noted his criminal record and considered his age. The transcript further reflected that Davis had just been placed on two years probation for possession of stolen property when he began to commit the crimes at issue. Given these observations, the reasons for the imposition of consecutive sentences were sufficient, and the trial court did not err in imposing them.
Additionally, Davis criticizes the trial court for not ordering a pre-sentence investigation. Defense counsel did not seek a pre-sentence investigation until the day of sentencing. Under these circumstances, the trial court did not err by failing to order a PSI. See, State v. Berryhill, 562 So.2d 1105 (La.App.4th Cir.1990), where this Court declined to vacate a sentence because the trial court did not order a PSI when defendant did not request one until the day of sentencing.
Based on the foregoing, the sentences imposed were not excessive. This assignment of error is without merit.
In another assignment of error, Davis contends that the trial court gave improper instructions to the jury regarding the reasonable doubt standard.
The United States Supreme Court in Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) found that a charge similar to the one given in this case which also equated reasonable doubt with "grave uncertainty" and "actual substantial doubt" violated the defendant's due process rights. It remanded the case to the Louisiana Supreme Court for "further proceedings not inconsistent" with the opinion. On remand, in State v. Cage, 583 So.2d 1125 (La.1991), cert. denied ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), the court employed a "harmless error" test to determine whether the defendant's conviction and sentence should be reversed and found in that case that it should not be.
Since Cage, this Court has held that a Cage objection may not be raised on appeal unless a contemporaneous objection to the charge was made at trial. State v. Dobson, 578 So.2d 533 (La.App.4th Cir.), writ denied 588 So.2d 1110 (La.1991). In this case, defense counsel did not object to the charge at trial. Thus, we will not consider this issue on appeal.
Davis also contends that he received ineffective assistance of counsel because his *364 attorney at trial (1) failed to timely file the motion to sever, (2) failed to timely seek a pre-sentence investigation, and (3) failed to object to an improper jury instruction on the reasonable doubt standard.
In order to substantiate a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Bell, 543 So.2d 965 (La. App.4th Cir.1989). "Such performance is ineffective when it can be shown that counsel made errors so serious that he was not functioning as the `counsel' guaranteed by the Sixth Amendment." Bell, at 969.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post-conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Reed, 483 So.2d 1278 (La.App.4th Cir.1986). However, in the interest of judicial economy, the court may consider a claim of ineffective assistance if the record contains sufficient evidence to address the merits of such claim.
In this case, the record contains sufficient information to resolve these claims on the merits.

1. Failure to timely file the motion to sever

Defense counsel did not file a motion to sever the four counts of armed robbery for trial until the morning of trial. The trial judge denied the motion noting that, if she granted it, a mistrial would have to be declared because the jury had already heard that Davis was charged with four counts of armed robbery.
As explained in addressing the merits of the motion to sever raised in Davis's first assignment of error, he was not prejudiced by the court's failure to grant a severance. Each count involved a simple set of facts and a different victim, there was no likelihood that the jury would have confused the counts, and the trial judge instructed the jury to consider each count separately. Further, a different verdict form was provided for each count with the corresponding victim's name on it. Since Davis was not prejudiced by the denial of the motion to sever, this claim is without merit.

2. Failure to timely request a pre-sentence investigation

Davis claims he received ineffective assistance of counsel because his attorney did not seek a pre-sentence investigation until the day of sentencing. At the sentencing, the trial judge refused his request for a PSI.
Davis, however, fails to specify what information might have been obtained from a PSI which would have resulted in the imposition of less severe sentences. By failing to show how he was prejudiced by the court's failure to order a PSI, his ineffective assistance of counsel claim on this ground is without merit.

3. Failure to object to jury charge

Davis contends that he received ineffective assistance of counsel because his attorney failed to object to the jury charge on reasonable doubt.
Although the charge given in this case on the reasonable doubt standard was erroneous under Cage, a reversal is not warranted under Cage if the error is found harmless. In this case, Davis was positively identified in a physical line-up and at trial by each victim, and he matched the description the victims had given the officer investigating the robberies. The jury could have easily disbelieved the sketchy testimony by Davis and his mother. Based upon the entire record, it is beyond a reasonable doubt that the erroneous jury charge did not contribute to the jury's verdict. Thus, Davis was not prejudiced by his counsel's failure to object to this erroneous instruction because the error was harmless. The claim of ineffective assistance of counsel based upon the failure to object to the reasonable doubt jury charge is without merit.
Accordingly, we affirm defendant's convictions and sentences.
AFFIRMED.