746 So.2d 638 (1999)
STATE of Louisiana
v.
Clarence JACKSON.
No. 99-K-2195.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1999.
Writ Denied January 14, 2000.
*639 Harry F. Connick, District Attorney, Wynne Eikel, Assistant District Attorney, New Orleans, Louisiana, Counsel for the State.
William D. Treeby, Scott B. Arceneaux, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, Louisiana, Counsel for the Defendant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG and Judge DENNIS R. BAGNERIS, Sr.
BYRNES, Judge.
The State of Louisiana requests a review of the trial court's ruling that granted the defendant Clarence Jackson's motion to sever the offenses. We reverse and remand.

STATEMENT OF THE CASE
On May 29, 1997 Clarence Jackson was indicted on one count of aggravated rape, five counts of aggravated kidnapping, five counts of armed robbery, and one count of aggravated crime against nature.[1] Jackson was in federal custody for several months. On August 28, 1998 Jackson pleaded not guilty. On November 3, 1998 the trial court recused itself. The case was reallotted. Defense counsel filed a motion to sever the offenses. On August 30, 1999 a hearing was held, and the trial court granted the motion. The State's writ application followed.

FACTS:
According to the State's application, the twelve counts against the defendant stem from two incidents. On December 31, 1996 Jackson approached three teenage girls as they walked down a street. Jackson robbed them of money and valuables and then forced them at gunpoint into an abandoned apartment. He placed two of the girls in one room while he raped the third girl in another room. On January 28, 1997 Jackson and two others approached two young women in their twenties. Jackson was holding a gun and robbed the two women. The victims were then forced to drive around with the perpetrators all evening. The two victims were forced into the trunk of the car at one point.[2] When the two other perpetrators (defense counsel alleges that the indictment states that there was only one accomplice although there were two) departed in the morning, Jackson took the *640 victims to an abandoned apartment and forced sexual acts upon one of the victims (oral sex according to the defense opposition). Defense argues at the August 30, 1999 hearing, counts 1-7 relate to the December 31, 1996 incident, and that counts 8-12 relate to the January 28, 1997 incident. The defense claims that the incidents were distinct and involved different facts. The first seven counts related to the abduction of three women early in the morning; the crimes occurred within a span of twenty to thirty minutes, and Jackson was acting alone. The last four counts related to a late night kidnapping; the crimes occurred from 1:00 a.m. to the early morning hours, and Jackson had two accomplices. Counsel argued that the facts are dissimilar and the defenses presented would not be similar.
Counsel noted prejudice because "the evidence in this forum as to one count is not being in the trial of the other counts." Counsel stated that under Prieur there was no "MO." The trial court asked for the differences between the two incidents. The court noted that Jackson had two accomplices in January, but not in December. Counsel noted that in December Jackson alone mugged three women and then abducted them to a vacant building. Counsel noted that the incidents did not occur in the same area; one incident happened in the Third District, and the other happened in the Fifth District. The trial court referred to State v. Hamilton, 364 So.2d 585 (La.1978), which is a case that had been in its section of court.
The State argued that the fact that the events from one incident could not be admitted into evidence in the second trial under State v. Prieur, 277 So.2d 126 (La. 1973), did not require severing the counts. The State argues that if the facts of the cases are similar, the counts need not be severed. Any prejudice can be mitigated by the court's clear instructions that the counts are to be considered separately.
The trial court stated:
Unless the case law changes, it says that the Trial Judge has a broad discretion and I'm going to grant the severance and I think that there is overwhelming prejudices here. You've got three different people in one event and you've got a lone person in this event and I don't find them similar. I asked whether it was in the same part of town and the dictates that were given to me in another case which I'll try to have cited here, it was State v. Hamilton, although it has some age on it, I think it stands for the principal (sic) that these events fade into each other. And comments were made telling the jury to disregard this and that
. . . .
La.C.Cr.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
La.C.Cr.P. art. 493.2 provides:
Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.
La.C.Cr.P. art. 495.1 provides for severance of joined offenses, and states:

*641 If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
A defendant in any case bears a heavy burden of proof when alleging prejudicial joinder of offenses as grounds for a motion to sever. Factual, rather than conclusory, allegations are required. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012,1019, certiorari denied, Davis v. Louisiana, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994); State v. Washington, 386 So.2d 1368 (La.1980).
Generally, the trial court is vested with much discretion in its determination of whether to grant a motion to sever, and such a determination should be upheld in the absence of an abuse of that discretion. State v. Brooks, 541 So.2d 801 (La. 1989); State v. Johnson, 96-0950 (La.App. 4 Cir. 8/20/97), 706 So.2d 468, writ denied, 98-0617 (La.7/2/98), 724 So.2d 203, certiorari denied, Johnson v. Louisiana, 525 U.S. 1152, 119 S.Ct. 1054, 143 L.Ed.2d 60 (1999); State v. Davis, 596 So.2d 358 (La.App. 4 Cir.1992), writ denied, 604 So.2d 965 (La.1992). If the evidence of the other crime would be admissible under Prieur, clearly the two charges may be joined without prejudice to the defendant. State v. Dickinson, 370 So.2d 557 (La. 1979).
In State v. Labuzan, 480 So.2d 420, 422 (La.App. 4 Cir.1985), quoting State v. Washington, supra, 386 So.2d at 1371 (La. 1980), this Court stated that in determining whether prejudice may result from the joinder, the court should consider:
... whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile....
See also State v. Lewis, 97-2854 (La.App. 4 Cir. 5/19/99), 736 So.2d 1004.
When offenses are joined under La. C.Cr.P. art. 493 because they are "of the same or similar character," and the defense argues prejudice, the first inquiry in reviewing the denial of a severance is to determine whether evidence of each offense would have been admissible under Prieur to show motive, system, or intent at the separate trial of the other. State v. Washington, supra; State v. Stevens, 522 So.2d 1218, 1221 (La.App. 4 Cir.1988), writ denied, 524 So.2d 517 (La.1988).
Evidence of a crime other than the one charged, which may not, for some reason, be admissible under Prieur in a separate trial of that charge, does not prevent the joinder and single trial of the charge of both crimes, if the joinder of both crimes is otherwise permissible. State v. Davis, supra, 637 So.2d at 1019. See also State v. Gaines, 633 So.2d 293 (La.App. 1 Cir.1993), writ denied, 93-3164 (La.3/11/94), 634 So.2d 839; State v. Celestine, 452 So.2d 676, 680 (La.1984). Usually, there is no prejudice and severance is not required when the facts of each offense are not complex, and there is little likelihood that the jury will become confused by the evidence of more than one crime. State v. Lewis, 557 So.2d 980, 984 (La.App. 4 Cir.1990), writ denied, 578 So.2d 922 (La.1991).
This Court upheld the trial court's refusal to grant a severance of counts in State v. Labuzan, supra. This Court noted that although the three counts concerned armed robberies committed at night in the same area of the city within a short period of time, they were not "signature crimes" and would not be admissible under Prieur. However, the jury had been instructed to *642 consider and render a verdict on each count separately, and the jury had been given a list of responsive verdicts for each count. This Court determined that the jury knew that the defendant had been charged with separate offenses requiring separate verdicts as to each offense and that the evidence of one offense could not be considered as evidence of another offense.
In State v. Stevens, supra, the defendant was charged with the aggravated rape, aggravated kidnapping, aggravated crime against nature and armed robbery of one victim, and the aggravated rape, aggravated crime against nature and armed robbery of another victim on successive days. The trial court denied the defendant's motion to sever the charges as to each victim, and this Court found no error. This Court noted that under Prieur evidence of the offenses committed against one victim would have been admissible at the trial of the offenses committed against the other victim. This Court held that even if the Prieur standard had not been met, there was no prejudice to the defendant by the joinder of the offenses. Id.
In State v. Davis, supra, 596 So.2d at 358, the defendant was charged with four counts of armed robbery, and all four counts were tried at the same time. The robberies occurred uptown during a six-week period. The robber held a gun on the victims. On appeal this Court rejected the defendant's claim that the trial court erred by denying his motion for severance of the counts. This court noted that the facts of each offense were simple and distinct, that the events occurred on different days in different locations, that the court charged the jury to consider each verdict separately, and that each count had a separate verdict sheet with the victim's name on it. There was no discussion of admissibility under Prieur. Id.
In State v. Davis, supra, 637 So.2d at 1019, the Louisiana Supreme Court upheld a trial court's denial of a motion to sever. The defendant was charged with two murders that were committed late at night in the same general area of Shreveport. The murders occurred during armed robberies of convenience stores. The Supreme Court held that the evidence of each murder was compartmentalized and not confused. The Court noted that the trial court instructed the jury to consider the evidence in each case and that the verdict need not be the same in both. Id.
In the present case the State argued at the hearing that the cases were similar and any prejudice could be mitigated by instructions given by the court. The State noted that the trial court relied upon State v. Hamilton, supra, interpreting an earlier version of La.C.Cr.P. art. 495.1 and relying on an earlier case, State v. Carter, 352 So.2d 607 (La.1977). In Carter the Court held that normally a joint trial of several offenses will not promote a fair trial if the defendant will be prejudiced by the introduction of evidence of other crimes not admissible under the rules of evidence. State v. Celestine, supra, and other later cases interpreting the 1978 amended version of La.C.Cr.P. art. 495.1, hold that there is no prejudice when the facts are simple and distinct and the jury can keep the evidence separate in the deliberations.
In the present case the trial court did not consider Celestine and the later jurisprudence.[3] In this case, the facts of the incidents are similar; the facts of each incident appear to be simple and distinct, and jurors would be able to keep the evidence separate and not become confused. *643 Under the circumstances, the trial court abused its discretion.
Accordingly, we reverse the ruling of the trial court, and deny the defendant's motion to sever the offenses.
WRIT GRANTED; REVERSED AND REMANDED.
NOTES
[1] Jackson's co-defendant, Kelly Holmes, was indicted on two counts of aggravated kidnapping and two counts of armed robbery.
[2] In the opposition defense counsel takes issue with the facts as set out by the State, especially noting that there was no evidence or argument at the hearing that the two women involved in the January 28, 1997 incident were placed in the trunk of the car.
[3] Defense counsel takes issue with the State's statement that Carter was impliedly overruled legislatively by the amendment to art. 495.1. In State v. Brooks, 541 So.2d 801, 804 (La. 1989), the Supreme Court stated:

That decision [Carter] has been superseded by amendment of La.C.Cr.P. art. 495.1 and our more recent jurisprudence interpreting the article. Under the new article, severance need not be granted if prejudice can be effectively avoided by other safeguards.