# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30409
Summary Calendar

KARL TAYLOR,

Petitioner-Appellant,

versus

ED C. DAY, JR., Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3190-C

_____
April 17, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Karl Taylor, a Louisiana prisoner, appeals the judgment denying his 28 U.S.C. § 2254 habeas corpus petition. The district court granted Taylor a certificate of appealability as to the issue whether his trial attorney performed ineffectively by failing to move to sever a count charging possession of a firearm from three counts charging him with possessing drugs with intent to distribute.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor asks that we broaden the certificate of appealability to certify his claim that the trial court erred in denying his motion to suppress drugs and a gun.[2] Taylor has not, however, made a "substantial showing of the denial of a constitutional right" as to this claim.[3] Taylor's motion to broaden the district court's appealability order is DENIED.

Taylor has not demonstrated that his attorney performed deficiently in failing to move to sever the firearm count or that he suffered prejudice as a result of this failure.[4] He has not shown that a motion to sever likely would have been granted.[5] Nor does he persuade that admission of the prior conviction undermined confidence in the outcome of his trial.[6]

The judgment appealed is AFFIRMED.

---

[2]**United States v. Kimler**, 150 F.3d 429 (5th Cir. 1998) (§ 2255 case).

[3]28 U.S.C. § 2253(c)(2).

[4]**Strickland v. Washington**, 466 U.S. 668 (1984); **Lockhart v. Fretwell**, 506 U.S. 364 (1993).

[5]**State v. Jackson**, 746 So. 2d 638, 641 (La. Ct. App. 1999) (defendant bears "heavy burden of proof" in alleging prejudicial joinder of offenses as a basis for a motion to sever, and the trial court is "vested with much discretion" in addressing such a motion to sever).

[6]**Strickland**, 466 U.S. at 694.