|,STEVEN R. PLOTKIN, Judge.
The issues in this appeal are whether the trial court erred in failing to advise defendant that his sentence must be imposed without benefit of parole, probation, or suspension of sentence and whether the sentence was excessive.
PROCEDURAL HISTORY
Richard P. Spot was charged with armed robbery in violation of La. R.S. 14:64,[1] to which he pleaded not guilty. After a preliminary hearing the trial court found probable cause to bind the defendant over for trial; the defendant’s motions to suppress the identification, the evidence, and the confession/ inculpatory statement were denied. The defendant withdrew his earlier plea and entered a plea of guilty as charged. He was sentenced to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence.
STATEMENT OF FACTS
The facts of this case are not at issue. The transcript of the preliminary hearing indicates that the defendant drove the getaway car when |2two accomplices robbed Mother’s Restaurant on Poydras Street in New Orleans. Approximately $2,797 was taken from the cash register. Someone on the street saw the gunmen get into a four door sedan with a Louisiana license plate ending in the digits “007.” The car was stopped thereafter and the defendant was arrested.
ERRORS PATENT
A review of the record shows no errors patent.
ASSIGNMENT OF ERROR 1
The defendant makes two assignments of error concerning his twenty-year sentence. First he maintains that his guilty plea was involuntary because he was not told that it would be imposed without benefit of parole, probation, or suspension of sentence. He bases his argument on La. C.Cr.P art. 556.1, which requires a judge to inform a defendant of the nature of the charge and the minimum and maximum sentences prior to accepting a guilty plea. However, in this case the judge did so inform the defendant. In the transcript of March 23rd the judge states, “The sentencing range would be five to twenty years, without benefit of parole, probation, or suspension of sentence ...”
ASSIGNMENT OF ERROR 2
The defendant next argues that his twenty-year sentence is excessive. When he pleaded guilty he agreed that his sentencing range would be between five and twenty years without benefit of probation, parole or suspension of sentence. After reviewing a pre-sentencing report, the judge imposed a twenty-year term upon defendant.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence within the statutory limit is constitutionally |3excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Caston, 477 So.2d 868, 871 (La.App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. *803 art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719, 720 (La.1983); State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982).
If adequate compliance with article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. Quebedeaux, 424 So.2d at 1014; State v. Guajardo, 428 So.2d 468, 473 (La.1983).
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court, held:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, a remand for resentencing is appropriate only when “there appear[s] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.”
Id. (citations omitted).
|4The defendant complains that the trial court did not consider any mitigating factors in sentencing him. He points out that he is only twenty years old, that his grandmother testified at sentencing that his childhood had been difficult because of his mother’s mental problems, and that he confessed to being addicted to heroin.
At sentencing the trial court reviewed the facts of the offense and noted that the robbery was premeditated and that the defendant had a criminal history. According to the pre-sentencing report, the defendant, a first offender as an adult, has an extensive juvenile record consisting of twenty-four arrests and eight adjudications as a delinquent between 1990 and 1996. Much of his adolescence was spent in correctional centers. As an adult he had ten arrests between 1997 and 1999, including another armed robbery charge which was refused by the district attorney’s office.
The defendant argues that the trial court should have considered the fact that he simply drove the get away car and did not enter the restaurant. However, we note that Richard Spot directly aided in the commission of the crime. He was still at the wheel of the get away car when the police apprehended the three men involved in the offense. Obviously, the trial court found that Spot has shown a continual pattern of criminal conduct and a habitual disrespect for the law meriting twenty years imprisonment.
The next inquiry is whether the sentence is excessive in light of sentences imposed by other courts in similar circumstances. In State v. Davis, 596 So.2d 358 (La.App. 4 Cir.1992), this court affirmed three consecutive twenty-year sentences for armed robberies imposed on a youthful offender with six arrests for non-violent crimes as a juvenile and one prior felony conviction as an adult for possession of stolen property. In State v. Dunns, 441 So.2d 745 (La.1983), the Louisiana Supreme Court | [¡upheld a forty-year sen- *804 tenee for armed robbery imposed on a first-felony offender who had been previously convicted of carrying a concealed weapon, finding that it was unable to say that the trial court had abused its discretion. The twenty-year sentence imposed in the instant case is not disproportionate to sentences imposed in other armed robbery cases.
CONCLUSION
For the foregoing reasons, we find that the trial court did not err in accepting the defendant’s plea and that the sentence imposed was not excessive.
Accordingly, for reasons stated above, the defendant’s sentence is affirmed.
AFFIRMED.

. The defendant was charged with Daniel Ma-gee and Warren Jackson, both of whom pleaded guilty as charged and received sentences of twenty years without benefits.