NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-385

STATE OF LOUISIANA

VERSUS

THOMAS J. CHARLES

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-247-05
HONORABLE HERMAN I. STEWART  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

AFFIRMED.

David W. Burton
District Attorney - Thirty-Sixth Judicial District Court
Richard Alan Morton,  Assistant District Attorney
P. O. Box 99
DeRidder, LA 70634
Telephone:  (337) 463-5578
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
P. O. Box 719
Rayville, LA 71269
Telephone:  (318) 728-2043
COUNSEL FOR:
        Defendant/Appellant - Thomas J. Charles

**THIBODEAUX, Chief Judge.**

The Defendant, Thomas J. Charles (Charles), pleaded guilty to possession of cocaine with intent to distribute, in violation of La.R.S. 40:967, and four counts of distribution of cocaine, in violation of La.R.S. 40:967. As a result of a plea agreement, the State dismissed the charge of possession of a firearm while in possession or during the sale of cocaine, a violation of La.R.S. 14:95(E). On each count, the trial court sentenced Charles to eight years at hard labor, ordered him to pay $1,000.00, plus the court costs, and to serve the first two years without benefit of probation, parole or suspension of sentence.[1] Charles appeals, claiming the sentence to be excessive. For the following reasons, we affirm.

## FACTS

At the guilty plea hearing, no factual basis for the offenses to which Charles pled guilty was articulated. The following facts come from the documents the State provided in its answer to Charles's motion for discovery and inspection.

On March 3, 2005, Charles was arrested and charged with possession with intent to distribute crack cocaine. In August and September of 2005, Charles sold crack cocaine on four occasions to an undercover agent. Charles was subsequently arrested and charged with four counts of distribution of cocaine on January 10, 2006.

## ASSIGNMENT OF ERROR

By his sole assignment of error, Charles argues that the total sentence of eight years at hard labor constituted an excessive sentence. In his Motion to Reconsider Sentence, Charles did not assert with any specificity the grounds upon

---

[1]Charles was sentenced to six months on the misdemeanor charge in docket number CR-1055-05 to run consecutively to the sentences in docket number CR-247-2005, and to pay a fine of $500.00.

which he alleged his sentence to be excessive. The motion merely asserted that "[t]he sentence imposed on the defendant is grossly out of proportion to the crime committed." When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to a review of a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993), *appeal after remand*, 626 So.2d 856 (La.App. 2 Cir. 1993), *writ denied*, 93-2933 (La. 2/11/94), 634 So.2d 373.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best

position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir.), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

Charles pled guilty to one count of possession of cocaine with the intent to distribute and to four counts of distribution of cocaine, infractions of La.R.S. 40:967.

> [The violator] shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

La.R.S. 40:967(B)(4)(b). Thus, Charles faced up to one hundred fifty years at hard labor, plus a possible total fine of $250,000.00. As such, Charles's eight year sentence on each count ordered to run concurrently and the $1,000.00 fine on each count was significantly less than the possible penalties he could have received.

When sentencing Charles, the trial court considered the pre-sentence investigation report from the Department of Probation and Parole, witness testimony from both the State and Charles, letters from Charles's wife, mother, friends, and pastor. The trial court also looked at the DVD made at the time of three buys of the cocaine. The trial court noted Charles's age, his wife's pregnancy, and the fact that these were Charles's first felony offenses. Nonetheless, the trial court found very troubling that Charles was already deeply involved in the street-level drug trade with plans to become a dealer at the higher level. Moreover, Charles was convicted for three misdemeanors, and he was on misdemeanor probation at the time he committed the crime of possession of cocaine with intent to distribute. The trial court found particularly telling that Charles was released on bond for the possession with intent

3

to distribute charge when he committed the four distributions of cocaine. After considering all of the mitigating and aggravating factors, the trial court concluded that the degree of Charles's involvement in the drug activity commands the sentence he received.

Additionally, the charge of illegal carrying of weapons while in possession or during the sale of cocaine, a violation of La.R.S. 14:95(E), was dismissed pursuant to a plea agreement. The penalty for such violation is a fine of not more than ten thousand dollars and imprisonment at hard labor for not less than five nor more than ten years, without the benefit of probation, parole, or suspension of sentence. Thus, Charles received a significant benefit in the reduction of his sentence exposure as a result of his plea agreement. Therefore, in light of that benefit to Charles, the trial court did not abuse its wide discretion in imposing eight year sentences to run concurrently. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent.

## CONCLUSION

The Defendant's sentences are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

4