NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-748 consolidated with KH 07-571

STATE OF LOUISIANA

VERSUS

LAWRENCE JAMES JOSEPH
A/K/A JOSEPH JAMES LAWRENCE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 110850
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED.

William T. Babin
Assistant District Attorney
Fifteenth Judicial District
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
Counsel for Appellee:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Lawrence James Joseph**

**Lawrence J. Joseph**
**In Proper Person**
**R.B.D.C. II**
**9450 Hwy 65 South**
**Lake Providence, LA 71254**

**DECUIR, Judge.**

On May 4, 2006, the Defendant, Lawrence J. Joseph, a/k/a Joseph James Lawrence, was charged by bill of information with the following: 1) purse snatching, a violation of La.R.S. 14:65.1; 2) possession of cocaine, a violation of La.R.S. 40:967; 3) possession of marijuana, a violation of La.R.S. 40:966; and 4) flight from an officer, a violation of La.R.S. 14:108.1. The Defendant was tried by a jury on counts one and two and was found guilty as charged on September 20, 2006.[1] The Defendant was sentenced to serve consecutive terms of ten years at hard labor for purse snatching and three and one-half years at hard labor for possession of cocaine.

The Defendant filed a Motion to Reconsider Sentence which was denied without a hearing on January 4, 2007. He is now before this court on writs and appeal, the two being consolidated because they both seek review of the trial court's ruling on his Motion to Reconsider Sentence. The Defendant asserts that his sentences are cruel, unusual, and excessive.

<u>FACTS</u>

On February 28, 2006, the victim was shopping at the Family Dollar Store when she was struck in the face and her purse was stolen. The victim saw the perpetrator leave the store in a blue car, and another witness obtained the license plate number of the car. The victim later identified the Defendant's automobile in a photograph. On March 6, 2006, the Defendant was observed driving the identified vehicle and was pursued by Deputy Clay Steven Carter. After a car chase and a foot chase, the Defendant was ultimately apprehended by Deputy Carter. A small, clear plastic bag containing what was later determined to be cocaine was seized from the car. Following his arrest, the victim identified the Defendant in a photo lineup.

---

[1]On January 22, 2007, the State moved to dismiss the charges in counts three and four.

ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that the sentences imposed by the trial court were cruel, unusual, and excessive. In his motion to reconsider sentence, the Defendant did not assert with any specificity the grounds upon which he alleged his sentences to be excessive. The motion merely asserted that ". . . the sentence was excessively harsh." When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to review of a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993), *appeal after remand*, 626 So.2d 856 (La.App. 2 Cir. 1993), *writ denied*, 93-2933 (La. 2/11/94), 634 So.2d 373.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the court's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for

similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant was found guilty of purse snatching, a violation of La.R.S. 14:65.1, which reads, in pertinent part, "Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years." Thus, the Defendant received one-half of the possible maximum sentence he could have received.

The Defendant was also found guilty of possession of cocaine, a violation of La.R.S. 40:967, which reads, in pertinent part, "(C)(2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." Thus, the Defendant received about two-thirds of the maximum possible sentence and a fine was not imposed.

When sentencing the Defendant, the trial court stated:

Mr. Joseph, the Court has studied the presentence report that I've received in this case, and I have considered this report in light of the nature of the offense and in light of Article 894.1, and I do make the following findings regarding your sentence:

Although you do not have any prior felony convictions, your record does indicate that you have engaged in past incidents of assaultive behavior. You were placed on supervised probation in conjunction with your aggravated assault conviction, but you did not comply with probation.

3

I find that you are in need of correctional treatment that can best be provided by commitment to an institution, and I also find that you used actual violence in committing the purse snatching.

Considering the facts of the instant case and the aggravating factors as identified by the trial court in its reasons for sentencing, we find the sentences imposed are not grossly disproportionate to the seriousness of the crimes, nor do they shock one's sense of justice. Additionally, the offenses for which the Defendant was convicted did not occur on the same day and were not related in any way. Thus, consecutive sentences were appropriate in this matter. Accordingly, we affirm the sentences imposed.

## DECREE

Finding no errors patent on the face of the record, and finding no merit to the sole assignment of error asserted by the Defendant, we affirm.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

4